GEORGE A. MULDOON *vs.* BOARD OF APPEALS OF WATERTOWN. November 3, 1966. The dismissal of this bill of complaint brought by an aggrieved person as an appeal from the granting of a variance was in accordance with G. L. c. 40A, § 21 (as amended by St. 1960, c. 365). The bill, filed October 8, 1964, failed to name the original applicant and the statutory affidavit, seasonably filed, failed to show service upon him. The statute provides for service by delivery or certified mail "to all respondents" and for the filing within twenty-one days after the entry of the bill of "an affidavit that such notice has been given." It also provides that if "no such affidavit is filed within such time the bill shall be dismissed." The motion to intervene filed by the original applicant on October 13, 1965, recited that only the board had been named a defendant and asked leave to intervene to oppose the appeal, assigning "as reasons . . . the facts set forth." In making this motion, more than a year after the bill was filed, the applicant, we think, intended only a special appearance. In any event, in the circumstances, he did not waive the right to ask for a dismissal under the statute.

*Final decree affirmed.*

*George A. Muldoon,* pro se.
No argument or brief for the defendant or the intervener.

FRANCES J. VOGELAAR, administratrix, *vs.* H. L. ROBBINS & Co. INC. & another. November 3, 1966. This case is here for the second time. In our rescript opinion (348 Mass. 787) we held that the defendant's demurrer to the plaintiff's bill was rightly sustained. We said, however, that "because it is not clear that the plaintiff cannot state a case good against demurrer" the plaintiff should be given an opportunity to seek an amendment to her bill. Accordingly, an amended bill (the present one) was filed and allowed and a demurrer to it was sustained without leave to amend. From a final decree dismissing the bill, the plaintiff appealed. A careful examination of the present bill reveals that it is essentially the same as that considered by us in 348 Mass. 787. It follows that the demurrer was rightly sustained.

*Interlocutory and final decrees
affirmed with costs of appeal.*

*Harry Zarrow* for the plaintiff.                                    •
*Lawrence A. Sullivan* for the defendants.