CHARLES C. CARR & another *vs.* BOARD OF APPEALS
OF SAUGUS & another.

Essex.    February 9, 1972. — March 7, 1972.

Present: CUTTER, SPIEGEL, REARDON, QUIRICO, & BRAUCHER, JJ.

*Equity Pleading and Practice,* Zoning appeal.    *Equity Jurisdiction,*
Zoning.    *Jurisdiction,* Zoning.

An appeal of a decision of a board of appeals under G. L. c. 40A, § 21,
where a suit in equity was commenced seasonably but where the
notice of appeal sent to the town clerk, although seasonable, did
not include a copy of the bill in equity was held to satisfy the
requirements of the statute, and it was therefore error to sustain
the defendants' pleas in bar. [362–363]

BILL IN EQUITY filed in the Superior Court on June 4,
1970.

Pleas in bar were sustained by *Dimond, J.,* and a final
decree dismissing the bill was entered by him.

*Robert A. Greeley* for the plaintiffs.

*Richard A. Rogalski* for Robert V. Prezioso.

*Bradbury Gilbert,* for the Board of Appeals of Saugus,
joined in a brief.

SPIEGEL, J.  The plaintiffs sought review in the Superior
Court under G. L. c. 40A, § 21, of a decision by the defendant Saugus board of appeals (board) granting a variance to the defendant Robert V. Prezioso.  The variance
was granted on May 5, 1970, and the board's decision was
filed in the office of the town clerk on May 18, 1970.  The
plaintiffs' bill in equity appealing this decision was filed
in the Superior Court on June 4, 1970.  On the same day
the plaintiffs sent to the town clerk a written notice of
the appeal but did not include a copy of the bill.  This
notice was received by the town clerk on Monday, June 8,

1970.[1]  On June 18, 1970, a second notice of appeal was sent to the town clerk along with a copy of the bill in equity.  The judge below sustained the defendants' pleas in bar, ruling that "sending a copy of the bill in equity to the town clerk within the twenty day period prescribed by G. L. Ch. 40A, Sec. 21 . . . [was] a jurisdictional requirement."  The plaintiffs appealed from the interlocutory decree sustaining the pleas in bar, and from the final decree dismissing the bill.

We have recently dealt with other jurisdictional aspects of this statute and have indicated our reluctance to construe strictly its provisions when to do so would be tantamount to attributing to the Legislature an intent "to create a series of procedural barriers reminiscent of an earlier age of the law."  *McLaughlin* v. *Rockland Zoning Bd. of Appeals,* 351 Mass. 678, 682.  *Shaughnessy* v. *Board of Appeals of Lexington,* 357 Mass. 9, 13.  The portion of G. L. c. 40A, § 21, here involved provides that: "Written notice of . . . [the] appeal together with a copy of the bill in equity shall be given to . . . [the] city or town clerk within . . . [the] twenty day appeal period."  The purpose of this is to give interested third persons at least constructive notice of the appeal.  *McLaughlin* v. *Rockland Zoning Bd. of Appeals, supra,* at 680.  *Carey* v. *Planning Bd. of Revere,* 335 Mass. 740, 745.  In the *McLaughlin* case, we faced the situation where the plaintiff had filed with the town clerk a copy of the bill in equity filed that same day in the Superior Court, but had failed to accompany it with the written notice.  We concluded that the purpose of the statute was adequately served by filing a copy of the bill because this, in effect, constituted an implied representation that the original had been filed in the Superior Court.  This reasoning is equally applicable to the case before us, where the written

¹ General Laws c. 40A, § 21, requires that notice of the appeal be given to the town clerk within twenty days after the decision of the board has been filed. *Bjornlund* v. *Zoning Bd. of Appeals of Marshfield,* 353 Mass. 757.  Since in this case the twentieth day fell on a Sunday (June 7), we have no doubt that the above date June 8 was timely.  G. L. (Ter. Ed.) c. 4, § 9.

notice was timely filed, but the copy of the bill was not. Indeed, this case appears to us to be stronger than the *McLaughlin* case because the written notice is an express assertion that a bill in equity has been filed. In either case, interested third parties would be forewarned that the zoning status of the land is still in question. We therefore hold that the above quoted portion of the statute is satisfied by the timely filing of the written notice with the town clerk.

The interlocutory and final decrees are reversed, and the case is remanded for determination on its merits.

*So ordered.*