WILLIAM J. CUZZI & another *vs.* BOARD OF APPEALS OF MEDFORD. November 11, 1974. The plaintiffs brought this bill in equity to annul the decision of the defendant board in granting a variance to one Russo but failed to name Russo as a defendant or give him notice of

the bill within the time prescribed by G. L. c. 40A, § 21 (as amended through St. 1972, c. 334). A judge of the Superior Court allowed Russo's motion to appear specially for the purpose of challenging the court's jurisdiction by reason of those omissions and entered an interlocutory decree sustaining Russo's plea to the jurisdiction and a final decree dismissing the bill. The plaintiffs appeal from those two decrees. The two decrees find support in the statement in *Shaughnessy* v. *Board of Appeals of Lexington*, 357 Mass. 9, 13 (1970), that in a proceeding under G. L. c. 40A, § 21, "the giving of the required notice to all defendants . . . within the prescribed time . . . is jurisdictional." However, the plaintiffs' failure to meet that requirement could have been cured by the allowance of a motion to amend by adding Russo as a party. *McLaughlin* v. *Rockland Zoning Bd. of Appeals*, 351 Mass. 678, 680-683 (1967). See *Ladd* v. *Board of Appeal of Malden*, 352 Mass. 777 (1967); *Shaughnessy* v. *Board of Appeals of Lexington, supra*, at 14. The plaintiffs filed such a motion, and the crucial order in this case was thus the denial of that motion. We treat that order as an interlocutory decree and open for consideration on the appeal from the final decree. See *Edgar H. Wood Associates, Inc.* v. *Skene*, 347 Mass. 351, 353 (1964). While a judge's denial of such a motion in the exercise of his discretion presents no question of law, the rule is otherwise where the denial is based on a ruling that he was without power to grant it. *Bressler* v. *Averbuck*, 322 Mass. 139, 143 (1947). The record here does not disclose the judge's reasons for denying the motion, but the fact that he did so on the same day that he sustained the plea, and the unlikelihood of prejudice to Russo from the delay in notice to him — his appearance having been filed within a month after the filing of the bill and only three days after the filing of the board's answer; compare the *McLaughlin* case, *supra*, at 683, with *Muldoon* v. *Board of Appeals of Watertown*, 351 Mass. 702 (1966) — suggest that the judge denied the motion as a matter of law and not of discretion, as a "corollary to his basic ruling that he was without jurisdiction to entertain the case." *Shaughnessy* v. *Board of Appeals of Lexington, supra*, at 12. We therefore think that the interests of justice would be best served by reversing all three decrees, so that the motion to amend may be reconsidered purely as a matter of discretion. See *Shaughnessy* v. *Board of Appeals of Lexington, supra*, at 14. Accordingly, the interlocutory decrees, denying that motion and sustaining the plea, and the final decree are reversed; the case is remanded for further proceedings consistent herewith. *So ordered.*

*Joseph P. Day* for the plaintiffs.

*David Berman* for the intervener Domenic J. Russo.

*Robert J. Blumsack*, Assistant City Solicitor, for the Board of Appeals of Medford, joined in a brief.