THOMAS J. COSTELLO *vs.* BOARD OF APPEALS
OF LEXINGTON & another
(and a companion case[1]).

Middlesex.    March 13, 1975. — August 20, 1975.

Present: ROSE, KEVILLE, & ARMSTRONG, JJ.

*Equity Jurisdiction,* Zoning.    *Notice.    Equity Pleading and Practice,* Zoning appeal.    *Zoning,* Appeal to Superior Court.    *Statute,* Construction.    *Mandamus.*

Where a person aggrieved by a decision of a zoning board of appeals mailed written notice of appeal to the town clerk twenty days after the board's decision but the clerk did not receive the notice until twenty-one days after the decision, there was no compliance with the provisions of G. L. c. 40A, § 21, and thus the appeal was properly dismissed. [442-445]

An abutter who had failed to file a timely notice of appeal from a zoning board's decision was not entitled to resort to a writ of mandamus against the building inspector to compel the inspector to terminate the use allowed by the board's decision. [445]

BILL IN EQUITY filed in the Superior Court on June 22, 1973.

Pleas in abatement were heard by *Connolly,* J., and a final decree was entered by him.

---

[1] Thomas J. Costello *vs.* Building Inspector of Lexington.

PETITION for a writ of mandamus filed in the Superior Court on September 20, 1973.

An answer in abatement was heard by *Donahue, J.*

*Joseph M. Cohen* for the plaintiff.

*Reginald H. Howe* for the Board of Appeals of Lexington & another.

*Edward M. Ginsberg* (*Seth Kalberg* with him) for the defendant John P. Carroll.

ARMSTRONG, J.    On June 7, 1973, the board of appeals of Lexington (board) filed with the town clerk a decision granting a special permit (due to expire on June 6, 1976) to one Carroll to pick up and keep cars on certain premises in a residential district. The plaintiff, an abutter, appealed to the Superior Court on June 22 and mailed written notice of the appeal with a copy of the bill to the town clerk on June 27, the twentieth day after the decision. The notice was received on June 28, the twenty-first day. The Superior Court sustained a plea in abatement filed by the board on the ground that the notice was not received by the twentieth day, as required by G. L. c. 40A, § 21, as amended through St. 1972, c. 334, which read in part: ". . . any person aggrieved by the decision of the board of appeals . . . may appeal to the superior court . . . by filing a bill in equity within twenty days after the decision has been filed in the office of the city or town clerk . . .. Written notice of such appeal together with a copy of the bill in equity shall be given to such city or town clerk within said twenty day appeal period."

The ruling was correct. Compliance with the quoted notice provision of § 21 is essential to the maintenance of an appeal.[2] *Carey* v. *Planning Bd. of Revere,* 335 Mass. 740,

---

[2] Contrast cases having to do with the provisions of § 21 (third paragraph) for notice to parties respondent and affidavit of such notice, such as *Muldoon* v. *Board of Appeals of Watertown,* 351 Mass. 702 (1966); *McLaughlin* v. *Rockland Zoning Bd. of Appeals,* 351 Mass. 678, 680-683 (1967); *Ladd* v. *Board of Appeal of Malden,* 352 Mass. 777 (1967); *Shaughnessy* v. *Board of Appeals of Lexington,* 357

745 (1957). *Lincoln* v. *Board of Appeals of Framingham,* 346 Mass. 418 (1963). *Maria* v. *Board of Appeal of Lowell,* 348 Mass. 798 (1965). *Halko* v. *Board of Appeals of Billerica,* 349 Mass. 465, 467 (1965). *Bjornlund* v. *Zoning Bd. of Appeals of Marshfield,* 353 Mass. 757 (1967). *Carr* v. *Board of Appeals of Saugus,* 361 Mass. 361, 362-363 (1972). The purpose of the notice provision is to give interested third persons at least constructive notice of the appeal. *Carr* v. *Board of Appeals of Saugus, supra,* and cases cited. Strict compliance with all the details of the notice provision is not required, so long as notice adequate to serve the purpose of the provision is given within the period limited. See, e.g., *McLaughlin* v. *Rockland Zoning Bd. of Appeals,* 351 Mass. 678, 679-680 (1967) (in which the copy of the bill was timely filed with the town clerk but without a writing stating that an appeal was being taken), and *Carr* v. *Board of Appeals of Saugus, supra* (in which the notice of the appeal was timely filed, but without the copy of the bill).

Manifestly the purpose of the notice provision is not served within the time limited unless the notice is received within the time limited. Section 21 requires that the notice be "given" within the twenty day appeal period. "In the absence of express provision to the contrary, a notice is not given until received by the person to be notified." *Regan* v. *Atlantic Ref. Co.* 304 Mass. 353, 354 (1939). Authority to that effect is overwhelming. *Shea* v. *New York, N. H. & H. R.R.* 173 Mass. 177, 179 (1899). *O'Neil* v. *Boston,* 257 Mass. 414, 415 (1926). *Schneider* v. *Boston Elev. Ry.* 259 Mass. 564, 566 (1927). *Thorndike, petitioner,* 270 Mass. 334, 335 (1930). *Sweeney* v. *Morey & Co. Inc.* 279 Mass. 495, 499-500 (1932). *Sheldon* v. *Bennett,* 282 Mass. 240, 246 (1933). *Amsler* v. *Quincy,* 297 Mass. 115, 118 (1937).

Mass. 9, (1970); *Cuzzi* v. *Board of Appeals of Medford,* 2 Mass. App. Ct. 887 (1974); *Curcio* v. *Russo, post,* 730 (1975); and *Pierce* v. *.Board of Appeals of Carver, ante,* 352 (1975), further appellate review granted, 368 Mass. 817 (1975).

*Boyajian, petitioner,* 310 Mass. 822, 823 (1941). See *Lawrence* v. *Webster,* 167 Mass. 513, 516 (1897); *McCarthy* v. *Dedham,* 188 Mass. 204, 206-207 (1905); *McCord* v. *Masonic Cas. Co.* 201 Mass. 473, 475 (1909); *Street Lumber Co.* v. *Sullivan,* 201 Mass. 484, 486 (1909); *Webber Lumber & Supply Co.* v. *Erickson,* 216 Mass. 81, 82 (1913); *Rooney* v. *Ludlow Mfg. & Sales Social & Athletic Club, Inc.* 330 Mass. 340 (1953). See also, for analogous construction, *Old Colony R.R.* v. *Assessors of Quincy,* 305 Mass. 509, 513-514 (1940); *Pierce* v. *Board of Appeals of Carver, ante,* 352, 356 (1975), (further appellate review granted, 368 Mass. 817 [1975]). Inapposite are cases, relied on by the plaintiff, which hold that, where notice may be given by mail within a time limited, the requirement is satisfied by mailing within the time limited, regardless of the time of receipt. See *Survey & Research Serv. Inc.* v. *Director of the Div. of Employment Security,* 352 Mass. 475 (1967), and cases cited.

The plaintiff argues for a result contrary to that which we reach on the basis of St. 1969, c. 706, prior to which the notice provision in question read, "Notice of the filing [of the appeal] with a copy of the bill in equity shall be given to such city or town clerk so as to be received within such twenty days." The purpose of St. 1969, c. 706, was to authorize appeals to the district courts from decisions of boards of appeals. The bill upon which c. 706 was based (1969 House Doc. No. 2639) did not, in its original form, affect the phrase "so as to be received." By a floor amendment, however, what is now the second paragraph of § 21 was entirely rewritten, many drafting changes being made therein which cannot be thought to have carried a substantive intent. 1969 House Journal, p. 2305. In the context of such a total revision of the paragraph, the deletion of the words "so as to be received" may have reflected nothing more than a recognition that the words were redundant. If the Legislature had intended to make receipt of notice by the town clerk no longer necessary, it is not likely that it would have expressed that intention by the use of words, the settled meaning of which is precisely to the contrary.

We are unwilling to proceed from an assumption that the Legislature lacks familiarity with common drafting conventions and settled usage. See *Forcier* v. *Hopkins*, 329 Mass. 668, 671 (1953). See also G. L. c. 4, § 6.

The meaning of an adequately drafted statute should be found in the words it uses. If the words of a statute are unclear or ambiguous, we must look to the legislative history of the statute to shed light on what the Legislature intended by the use of those words. But when the words used in the statute have a clear and settled meaning, we are reluctant to infer a contrary meaning from words which formerly appeared in the statute but no longer do.

There is nothing in § 21 or in the history of the 1969 amendment which leads us to conclude that the Legislature intended to make the mere sending of the notice sufficient, regardless whether or when it is received by the town clerk. The judge was therefore correct in sustaining the plea in abatement and in dismissing the appeal from the board's granting of the special permit.

The companion case, instituted after the sustaining of the plea in abatement in the appeal from the decision of the board, is a petition for writ of mandamus against the building inspector of Lexington. The relief sought is a determination that the decision of the board was beyond its jurisdiction, a determination that the use authorized by that decision is a violation of the town's zoning by-law, and the issuance of a writ of mandamus ordering the building inspector to enforce the zoning by-law by terminating such use of the premises. The building inspector's answer in abatement was correctly sustained for the reasons stated in *Saab* v. *Building Inspector of Lowell,* 1 Mass. App. Ct. 87 (1973). See also *Lincoln* v. *Board of Appeals of Framingham,* 346 Mass. 418, 420 (1963). Cf. *Lane* v. *Selectmen of Great Barrington,* 352 Mass. 523, 526 (1967), discussed in Ryckman, "Judicial and Administrative Review in Massachusetts Zoning and Subdivision Control Cases", 52 Mass. L. Q. (No. 4) 297, 353-355 (1967).

In the appeal under G. L. c. 40A, § 21, the interlocutory and final decrees are affirmed. In the petition for writ of

mandamus, the order sustaining the answer in abatement is affirmed, and judgment is to be entered dismissing the petition.

*So ordered.*