WILLIAM NIGHTINGALE *vs.* BOARD OF APPEALS OF METHUEN & another. March 23, 1979. Summary judgment was properly entered for the defendants on plaintiff's appeal from a decision of the board of appeals of Methuen, pursuant to G. L. c. 40A, § 21, second par., as amended by St. 1974, c. 78, § 1. The defendants filed a motion to dismiss with an affidavit from the town clerk stating that notice of the plaintiff's action with a copy of the complaint was never received, as required by § 21. 1. The trial judge gave notice to the parties that the motion would

be treated as one for summary judgment, as well as the opportunity to present further material, and a hearing. It was not error to treat the motion as one for summary judgment. Compare Mass.R.Civ.P. rule 12(b), with rule 56, 365 Mass. 755, 824 (1974). See *Capodilupo* v. *Petringa,* 5 Mass. App. Ct. 893, 894-895 (1977). 2. The plaintiff states in his opposing affidavit only that notice and the complaint were mailed to the town clerk in an envelope upon which the plaintiff's return address was noted, and that it has never been returned to him. As matter of law, the notice and copy of the complaint must be received by the town clerk. *Costello* v. *Board of Appeals of Lexington,* 3 Mass. App. Ct. 441, 442-445 (1975). This requirement has not been affected by *Pierce* v. *Board of Appeals of Carver,* 369 Mass. 804, 808-809 (1976). See *Marvin* v. *Board of Appeals of Medfield,* 5 Mass. App. Ct. 772 (1977). There was no genuine question of a material fact whether the town clerk timely received notice, and, therefore, summary judgment was proper. *Community Natl. Bank* v. *Dawes,* 369 Mass. 550, 556-557 (1976). *Costello,* 3 Mass. App. Ct. at 442.

*Judgment affirmed.*

The case was submitted on briefs.
*Anthony R. DiFruscia* for the plaintiff.
*Wilbur A. Hyatt* for the defendants.