MASSACHUSETTS BREAD CO., INC. *vs.* EDWARD W. BRICE, JR., & others[1] (and a companion case). April 30, 1982. Each of these two proceedings (consolidated by a single justice of this court for briefs and argument) arises from one application by the partners of Piedmont Associates (Piedmont) for a comprehensive permit under G. L. c. 40B, § 21, to provide in Worcester units of low and moderate income housing. The zoning board of appeals (the board), after a public hearing, approved the application and filed its decision with the city clerk on March 18, 1981.

1. Massachusetts Bread Co., Inc. (Bread), an abutter of the land as to which the permit had been requested, sought review of the board's decision by a complaint filed on April 9, 1981, in the Superior Court under G. L. c. 40A, § 17, as amended by St. 1978, c. 478, § 32. To this complaint was attached a copy of what appears to be the actual comprehensive permit, dated March 23, 1981, issued pursuant to the board's decision filed on March 18. This copy does not bear any certification by the city clerk as required by G. L. c. 40A, § 17. A record of the proceedings before the board (also attached to the complaint) does contain a certificate of the city clerk that the record was filed on March 18, 1981. Affidavits filed in behalf of Bread indicated (1) that the copy dated March 23,

---

[1] The other defendants are the other general partners of Piedmont Associates and the Zoning Board of Appeals of Worcester.

Rescript Opinions.

of the permit had been received by Bread from some unspecified city official, (2) that counsel for Bread had caused the board (and perhaps also the city clerk) to be requested to notify counsel when the board's decision had been filed with the city clerk, and (3) that the document dated March 23, 1981, was the only document received in response to these requests. A Superior Court judge correctly granted summary judgment dismissing Bread's complaint as not seasonably filed under G. L. c. 40A, § 17, within twenty days after March 18, 1981, when the board's decision had been filed with the city clerk; that is, on or before April 7, 1981. The pertinent facts, apparent from the complaint itself, could not have been regarded as in dispute. As the trial judge pointed out, the *time* limits for seeking judicial review under c. 40A, § 17, and its predecessors, have been enforced with strictness. See *Pierce* v. *Board of Appeals of Carver*, 369 Mass. 804, 808 (1976). The summary judgment with respect to Bread's first complaint must be affirmed.

.2. Bread filed a new complaint on June 15, 1981, on the theory that the trial judge's determination (that the document filed with the city clerk on March 18 was the decision of the board) had shown noncompliance with a provision of G. L. c. 40A, § 15 (as appearing in St. 1975, c. 808, § 3), requiring that a notice of a decision under § 15 shall be mailed forthwith "to the parties in interest designated in" § 11, as appearing in St. 1979, c. 117. These include "abutters" and under § 15, "every person present at the hearing who requested that notice be sent to him" at a specified address. Bread then attempted to bring its second complaint within a provision of § 17, which reads, "The foregoing remedy [described in an earlier portion of § 17] shall be exclusive, notwithstanding any defect of procedure or of notice *other than notice by publication, mailing or posting as required by this chapter*, and the validity of any action shall not be questioned for matters relating to defects in procedure or of notice in any other proceedings *except with respect to such publication, mailing or posting* and then only by a proceeding commenced *within ninety days* after *the decision* has been filed in the office of the city . . . clerk" (emphasis supplied). We regard the words "publication, mailing or posting" as referring to notices of public hearings required by the first paragraph of c. 40A, § 11.

A second Superior Court judge, upon motion by Piedmont and the board under Mass.R.Civ.P. 12(b)(1) and 12(b)(9), 365 Mass. 754-756 (1974), correctly dismissed the second action, but did not state the ground on which he acted. He could properly have acted under rule 12(b)(9) because the first complaint was still pending in the sense that the appeal period from the first judgment had not run. Indeed, an appeal (from the first judgment) was filed on June 17, 1981, within two days after the new complaint was entered on June 15, 1981, and was still pending on August 5, 1981, when the motions were heard and decided. See *McCauley* v. *Sons Pharmacy, Inc.*, 3 Mass. App. Ct. 774, 775 (1975); *Don Lorenz,*

)

*Inc.* v. *Northampton Natl. Bank*, 6 Mass. App. Ct. 933 (1978). Compare *Mongeau* v. *Boutelle*, 10 Mass. App. Ct. 246, 249 (1980) (prior consent judgment entered before motion to dismiss was heard). A more fundamental reason for dismissal of the second complaint lies in the complete misconception, advanced in behalf of Bread, that G. L. c. 40A, § 15, has anything to do with an application for, or a decision granting, a comprehensive permit under c. 40B, § 21, or helps to provide a statutory basis for jurisdiction in the Superior Court under c. 40A, § 17, on appeal from such a decision. Chapter 40A, § 15, in terms relates only to appeals to the board under §§ 8 and 13 of c. 40A with respect to certain actions (or failures to act) by local officials and zoning administrators. A proceeding under c. 40B, § 21, is not one of those appeals but, in a specified and limited class of cases relating to low or moderate income housing, is an original proceeding before the board itself on a matter deemed of regional significance. Chapter 40A, § 15, and c. 40B, § 21, are found in separate chapters of the General Laws. Chapter 40B, § 21, makes use of those provisions of c. 40A expressly mentioned in § 21, viz. § 11, § 12, and § 17. The Legislature revised the whole of c. 40A by St. 1975, c. 808, § 3. In §§ 4, 4A, and 4B of c. 808, c. 40B, § 21, was amended by inserting new references to the changed sections of c. 40A. It is highly unlikely that there would not have been included in c. 40B, § 21, a reference to the new c. 40A, § 15, if the Legislature had intended that the new § 15 have any application to proceedings under c. 40B, § 21. Thus, as the second complaint rests on Bread's erroneous assumption (that c. 40A, § 15, in some way affects or controls the board's action under c. 40B, § 21), there was no statutory authorization for the Superior Court action sought in the second complaint other than the action tardily sought in the first complaint and denied.

*Judgments affirmed.*

*Michael N. Abodeely, Jr.*, for the plaintiff.
*John A. Mavricos* (*William J. LeDoux* with him) for the defendants.