COUNTY OF NORFOLK *vs.* ZONING BOARD OF APPEALS OF WALPOLE & another. June 20, 1983. *Notice. Practice, Civil,* Zoning appeal. *Jurisdiction,* Zoning.

The judge did not err in allowing the defendant Schiffer's motion for summary judgment and later dismissing the action against all the defendants, based upon the uncontested affidavit of the town clerk stating that only telephone notice from the plaintiff (an abutting landowner) expressing an intent to appeal the board's decision was received by his office within the twenty-day period specified in G. L. c. 40A, § 17, first par., as amended by St. 1978, c. 478, § 32. Section 17 provides, in pertinent part, that "[a]ny person aggrieved by a decision of the board of appeals . . . may appeal . . . by bringing an action within twenty days after the decision has been filed in the office of the city or town clerk. . . . Notice of the action with a copy of the complaint shall be given to such city or town clerk so as to be received within such twenty days." Section 17 incorporates in the new Zoning Act the same notice requirement previously set forth in G. L. c. 40A, § 21. The purpose of the notice provision is to give interested third persons constructive notice of the appeal. See *Carey* v. *Planning Bd. of Revere,* 335 Mass. 740, 745 (1957); *Costello* v. *Board of Appeals of Lexington,* 3 Mass. App. Ct. 441, 443 (1975). Cases decided under prior § 21 have characterized the notice requirement as "jurisdictional," *McLaughlin* v. *Rockland Zoning Bd. of Appeals,* 351 Mass. 678, 680 (1967), and cases cited; have stated that "[c]ompliance with the . . . notice provision . . . is essential to the maintenance of an appeal," *Costello* v. *Board of Appeals of Lexington, supra* at 442; see *Marvin* v. *Board of Appeals of Medfield,* 5 Mass. App. Ct. 772 (1977); *Massachusetts Bread Co.* v. *Brice,* 13 Mass. App. Ct. 1053, 1054 (1982); and have found compliance only if either written notice of the commencement of an action, see *Carr* v. *Board of Appeals of Saugus,* 361 Mass. 361, 363 (1972), or a copy of the complaint, see *McLaughlin* v. *Rockland Zoning Bd. of Appeal,* 351 Mass. at 680, has been filed with the city or town clerk within the applicable period. Neither form of notice was given here. We think these cases state the law with respect to the notice requirement in the present § 17 and that compliance with the notice provision has not been affected by *Pierce* v. *Board of Appeals of Carver,* 369 Mass. 804, 808-809 (1976), or other cases which analyze certain procedural defects in this area in terms of prejudice. See *Marvin* v. *Board of Appeals of Medfield, supra; Nightingale* v. *Board of Appeals of Methuen,* 7 Mass. App. Ct. 887, 888 (1979). We conclude that telephone notice that an appeal from the board's decision will be taken is nugatory because such notice puts nothing in the record by which "interested third parties would be forewarned that the zoning status of the land is still in question." *Carr* v. *Board of Appeals of Saugus,* 361 Mass. at 363. The plaintiff's remaining argument that it was not required to file either notice or a copy of the complaint with the town clerk under § 17 because the county was not the

"original applicant" and was only required to comply with the service requirements of § 17, second par., is completely without merit. See *Twomey* v. *Board of Appeals of Medford,* 7 Mass. App. Ct. 770, 773-774 (1979); *Massachusetts Bread Co.* v. *Brice,* 13 Mass. App. Ct. at 1053-1054.

*Judgment affirmed.*

*Joseph P. McParland* for the plaintiff.
*Joseph R. Santos* for Herbert P. Schiffer.