van Gestel, J.
This matter comes before the Court on a motion entitled “PLAINTIFFS RUTH HOBEIKA et al MOTION TO VACATE THE DISMISSAL.” The case is in a procedural mess that has required this Court to expend much more time than should have been necessary and that requires more than a marginal determination of the motion to explain. A statement of the procedural history is a proper place to begin.
BACKGROUND
On July 3, 1997, the Board of Zoning Appeal of the City of Cambridge filed its decision granting a variance to the defendant Hong Liu for use by her of “A Friendly Inn” as a bed-and-breakfast facility. The site, as a prior nonconforming use, had been operated as a boarding house since 1925.
Certain neighbors, not necessarily abutters, had appeared at the Board hearings. On July 23, 1997, the complaint in this action was entered in the Superior Court and a copy thereof was also filed in the office of *584 the Cambridge City Clerk. Although the complaint names eight individuals as plaintiffs, only one, Ruth Hobeika, signed it. None of the “plaintiffs" are members of the bar and no lawyer signed the complaint on their behalf.
Apparently, summonses, but not copies of the complaint, were mailed to each member of the Board of Zoning Appeal and to Ms. Liu, all arriving soon after, but not on or before, July 23, 1997.
On August 5, 1997, Nancy E. Glowa, an attorney in the Law Department for the City of Cambridge, sent to the court a Notice of Appearance on behalf of the members of the Board of Zoning Appeal. That document bears a Clerk’s Office date stamp of August 7, 1997 at 9:22 A.M.
On August 11, 1997 there was docketed an “ANSWER OF DEFENDANTS HONG LIU and A FRIENDLY INN.” This answer specifically reserved challenges to “insufficient service” and “insufficient process.”
On September 23, 1997, summonses and copies of the complaint were duly served on all named defendants.
On October 27, 1997, an Order of Dismissal Under Standing Order 1-88 was entered “it appearing that service of process ha[d] not been completed upon the defendant(s) named ...” The defendants named were the members of the Board of Zoning Appeal.
On December 12, 1997, a motion identical to that before the Court here was filed with the court. On December 16, 1997, that motion was endorsed “No action taken due to plaintiffs’ failure to comply with Superior Court Rule 9A.”
On December 30, 1997, the Court (Fabricant, J.) granted a motion by the defendants Hong Liu and [A] Friendly Inn to dismiss pursuant to Rule 12(b), with prejudice, noting that no opposition had been filed. The motion to dismiss argued four points: (1) since the case had been dismissed against the Board of Zoning Appeal, no relief can be granted to plaintiffs: (2) under Rule 12(b)(5) service of process upon Hong Liu and A Friendly Inn was insufficient: (3) under Rule 12(b)(4) service on Hong Liu by a bare summons without a complaint was insufficient; and (4) the plaintiffs failed to comply with Rule 34 regarding responses to requests for production of documents.
The motion to vacate the “dismissal dated 10/27/97" was refiled, together with a certification that Rule 9A had been complied with. Counsel for the City contests this 9A certification with vigor.
DISCUSSION
The Court begins its analysis with the statute that sets forth the requirements, jurisdictional and otherwise, that apply to an appeal from the decision of a zoning board of appeals, G.L.c. 40A, Sec. 17.
Any person aggrieved by a decision of a board of appeals . . . may appeal to . . . the superior court ... in which the land concerned is situated ... by bringing an action within twenty days after the decision has been filed in the office of the city . . . clerk . . . Notice of the action with a copy of the complaint shall be given to such city .. . clerk so as to be received within such twenty days . . .
... To avoid delay in the proceedings, instead of the usual service of process, the plaintiff shall within fourteen days after the filing of the complaint, send written notice thereof, by delivery or certified mail to all defendants, including the members of the board of appeals . . . and shall within twenty-one days after the entry of the complaint file with the clerk of the court an affidavit that such notice has been given. If no such affidavit is filed within such time the complaint shall be dismissed . . .
Some, but not all, of the requirements in the foregoing statute are jurisdictional in nature. Failure to comply with them deprives the court of jurisdiction over the appeal and mandates its dismissal. That is not true, however, with all of the dictates of Sec. 17.
.... The purpose of the notice provision is to give interested third persons at least constructive notice of the appeal . . . Strict compliance with all the details of the notice provision is not required, so long as notice adequate to serve the purpose of the provision is given within the period limited.
Costello v. Board of Appeals of Lexington, 3 Mass.App.Ct. 441, 443 (1975). See McLaughlin v. Rockland Zoning Board of Appeals, 351 Mass. 678 (1967); DiGiovanni, v. Board of Appeals of Rockport, 19 Mass.App.Ct. 339 (1985).
It is in the context of the statutory requirements and the appellate gloss thereon that this Court makes its rulings.
First, however, it seems appropriate to know who the plaintiff is. All of the persons named are individuals. None are members of the bar. Consequently, none can represent anyone other than themselves. The only person to sign the complaint is Ruth Hobeika. She is, therefore, the only plaintiff presently in this case.
The motion before the Court is submitted and signed by Frederick Kimbrek. He is not a lawyer, nor is he a plaintiff. Consequently, he cannot, as he purports to do, represent anyone else in this case, nor can he act for himself since he is not a party. This could be the end of the discussion on this motion. Since, however, Ruth Hobeika could sign and file it for herself, and since all of the parties have argued all of the issues, this Court will proceed to act as if the motion were correctly filed.
Contrary to the contentions of all of the defendants, Ms. Hobeika was not required by G.L.c. 40A, Sec. 17 to serve process on them by July 23, 1997. Rather, she had to, as she did, “bring an action” and file notice thereof, with a copy of the complaint, with the City Clerk.
*585 It is argued that all that was filed with the City Clerk on July 23, 1997, was a copy of a summons. There is, however, in the court’s file a copy of the complaint itself bearing a Cambridge City Clerk’s date stamp of July 23, 1997. Indeed, a copy of that complaint, with that date stamp, is included as part of Exhibit 3 to the Opposition of Defendant Hong Liu and A Friendly Inn to the motion to vacate dismissal.
Having brought the action and filed a copy of the complaint in a timely fashion, the next jurisdictional step for Ms. Hobeika, under the statute was within fourteen days to send written notice, with a copy of the complaint, by delivery or certified mail, to each of the defendants. She did not, as both counsel for the City and Ms. Liu assert, have to make service by a deputy sheriff or other person authorized to make service in Middlesex “County.”
Ms. Hobeika failed to serve her notice within fourteen days and failed to file her affidavit of such notice with the clerk of the court within twenty-one days. The statute seems to mandate that “[i]f no such affidavit is filed within such time the complaint shall be dismissed.” (Emphasis added.) But, is this one of those items for which the Appeals Court in Costello suggested that strict compliance is not required “so long as notice adequate to serve the purpose ... is given within the period limited?” This Court thinks it is; and further finds that the filing of an appearance by counsel for the Board on August 7, 1997 — fourteen days after July 23, 1997 — signals that there was adequate notice by filing with the City Clerk to serve the purpose of the statute.[1]
What then is the significance and effect of the October 27, 1997, dismissal under Standing Order 1-88? To this Court, nothing. That was a dismissal because it appeared from the docket that service of process had not been made by that date. This, of course, was because Ms. Hobeika utterly failed to comply with the rules and statutory requirements regarding proof of service. At the same time, however, long before October 27, 1997, counsel for the Board of Zoning Appeal had filed her appearance[2] and counsel for Hong Liu and A Friendly Inn had filed an answer. Standing Order 1-88 does not mandate dismissal for failure to make service when appearances or answers have already been filed.
Next, the Court examines the dismissal on the motion by Hong Liu and A Friendly Inn. Again, there seems to be an error — attributable, like the others, to the failings of the parties themselves. Judge Fabricant was faced with a motion to which no opposition had been filed. She also had a docket entry of a dismissal pursuant to Standing Order 1-88 against the Board itself. Under those circumstances she was not wrong in allowing the motion. Had she been advised of the full procedural history, however, her determination might have been quite to the contrary. In any event, given this Court’s determination regarding the Standing Order 1-88 dismissal, that cannot now form the foundation for Judge Fabricant’s dismissal. Nor can the “insufficient service” contentions. That leaves only the argument by counsel for Hong Liu that the failure to respond to a request for production of documents within the time called for by Rule 34 was the triggering event. This Court doubts that that was the situation. It is a rare case in which a Rule 37 motion — and this was not one of those — produces a dismissal for failure to respond to a Rule 34 request, at least in the first instance. And, of course, dismissal is not automatic with the passage of time.
This Court reaches the conclusion, for all of the foregoing reasons, that one — and only one — of the plaintiffs, Ruth Hobeika, still has a viable case. That statement should not be taken by her, however, to signal any more than that her case barely survived absolute extinguishment. Her standing as an “aggrieved party” is in serious doubt and may not survive an appropriate dispositive motion after completion of discovery on the issue.
ORDER
For the reasons stated above, the motion of Ruth Hobeika to vacate the dismissal of this case, as against her alone, is ALLOWED.

 Similarly, although the exact date is not set forth in the record, counsel for Hong Liu states in his affidavit that he “obtained a copy of the Plaintiffs’ Complaint directly from the Clerk of the Court” and filed an answer on behalf of his clients on August 11, 1997.

 G.L.c. 40A, Sec. 17, excuses the filing of an answer.