Brassard, J.
Plaintiffs brought this action for judicial review of a decision of the Arlington Redevelopment Board (“Board”). Defendants thereafter filed a motion for summary judgment. At hearing the parties agreed that the court would treat this motion as one for partial summary judgment.[1] For the following reasons, this motion is allowed.
BACKGROUND
On January 13, 1998, the Board issued special permits to the Burkhard Corporation for the construction of a hotel at 19 Massachusetts Avenue in Arlington. On January 14, 1998, this decision was filed with the Town Clerk for the Town of Arlington (‘Town Clerk”). On January 30, 1998, William G. Marley, individually and as Trustee of the WGM Realty Trust (“Marley”), filed a notice of appeal of the Board’s decision, along with a copy of the complaint for judicial relief, with the Town Clerk.
On February 2, 1998, plaintiffs filed the instant complaint in the Superior Court. OnFebruary4,1998, plaintiffs mailed a copy of the complaint to the Town Clerk. The Town Clerk received this copy on February 5, 1998. Thereafter, the Town moved for summary judgment, asserting that the court lacked jurisdiction to hear this matter because plaintiffs did not timely notify the Town Clerk of their appeal, as required by G.L.c. 40A, §17.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues of material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of demonstrating affirmatively the absence of a triable issue, “and [further] that the moving parly is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Id. at 17. “[T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment.” LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
In moving for summary judgment, the Town argues that the plaintiffs did not timely file notice of their appeal with the Town Clerk. General Laws c. 40A, §17, which governs appeals from decisions of zoning boards, provides, in pertinent part, that upon such an appeal, “[n]otice of the action with a copy of the complaint shall be given to such city or town clerk so as to be received within such twenty days.” Where no notice is timely given, the superior court lacks jurisdiction. O’Blenes v. Zoning Bd. of Appeals of Lynn, 397 Mass. 555, 558 (1986). Compliance with this notice provision is thus essential to maintaining such an appeal. Costello v. Board of Appeal of Lexington, 3 *634 Mass.App.Ct. 441, 442 (1975). Such compliance need not be strict, however, so long as interested third parties are put on notice that “the zoning status of the land is still in question.”[2] Carr v. Board of Appeal of Saugus, 361 Mass. 361, 363 (1972). The purpose of this statute may thus be served by filing with the Town Clerk a notice of appeal without the complaint, see id., or by filing the complaint without a notice of appeal. See McLaughlin v. Rockland Zoning Bd. of Appeals, 351 Mass. 678, 682 (1967).
While Massachusetts courts have allowed some latitude in the form of notice of appeal, “(t]imely commencement of the appeal in the Superior Court is a condition of maintaining it . . . and is a requirement [that courts have] ‘policed in the strongest way.’ ’’ Cappuccio v. Zoning Bd. of Appeals of Spencer, 398 Mass. 304, 312 (1986) (citations omitted). The twenty day period for notice of appeal ran through February 3,1998. While plaintiffs timely filed the complaint with the court, it is undisputed that the Town Clerk did not receive notice of appeal until February 5, 1998, twenty-two days after the filing of the Board’s decision. This failure to file a timely notice with the Town Clerk is fatal to plaintiffs’ appeal under G.L.c. 40A, §17.
Plaintiffs argue that the Town Clerk had constructive notice that the zoning status of the land was still in question because of the timely filing of notice in Marley’s superior court action. This argument fails, however, as the filing of Marley’s appeal does not serve to alert interested parties to the action by the instant plaintiffs. See G.L.c. 40A, §17. The Town Clerk did not receive notice of plaintiffs’ appeal within the statutorily required twenty days. The court therefore lacks jurisdiction to hear plaintiffs’ appeal from the decision of the Board with respect to the issuance of the zoning permits. The Town’s motion for partial summary judgment is allowed.[3]
ORDER
For the foregoing reasons, it is ORDERED that defendants’ motion for summary judgment, treated as a motion for partial summary judgment, is ALLOWED and judgment shall enter to the effect that the court is without jurisdiction as to this zoning appeal.

 At oral argument, plaintiffs raised, for the first time, the issue of possible violations of the open meeting laws, G.L.c. 39, §§23A and 23B, committed by the Town. Neither party briefed this issue, however, nor were they prepared to address it fully at hearing. The court therefore takes no action on this issue and leaves open, for the purpose of this motion, the determination of the plaintiffs’ rights, if any, arising from the alleged violations of the open meeting laws.

 Plaintiffs aptly note that the Supreme Judicial Court has been hesitant, when interpreting the notice provision of Chapter 40A, to impute a legislative intent “to create a series of procedural barriers reminiscent of an earlier age of the law.” Carr v. Board of Appeals of Saugus, 361 Mass. 361, 362 (1972).

 Plaintiffs’ argument, raised for the first time at oral argument, that the Board violated G.L.c. 40A, §11 by not notifying the City of Cambridge of the public hearing on Burkhard Corporation’s application for special permits, does not preclude an entry of summary judgment. Section 11 requires that the Board give notice of the public hearing to all interested parties, including abutters to the abutters within three hundred feet of the proposed development. Plaintiffs submitted the affidavit of Elsie Fiore, in which Ms. Fiore states that she “searched the records of the Arlington Town Clerk and found no written record of notice to the abutting City of Cambridge Planning Department of the [Burkhard Corporation’s] pending development.” Such a lack of notice, plaintiffs argue, prejudiced the City of Cambridge in that it was not given an opportunity to participate in the public hearing or to intervene, as allowed by G.L.c. 40A, §17.
Defendants argue that plaintiffs lack standing to raise any rights of the City of Cambridge. Without addressing the standing issue, the court concludes that this issue is untimely raised. Section 17 precludes the court’s consideration of this matter, as “the validity of any action shall not be questioned for matters relating to defects in procedure or of notice in any other proceedings except with respect to such publication, mailing or posting and then only by a proceeding commenced within ninety days after the decision has been filed in the office of the city or town clerk.” Whether advanced by plaintiffs or by the City of Cambridge, any appeal based upon lack of notice at this late date is barred by the ninety day limitations period in Section 17.