This appeal raises the issue of whether the trial judge abused her discretion in denying a motion to set up a late appeal to the Superior Court when notices of the judgment were mailed to each of the parties immediately and said motion was not filed until two years and three months later.
We find there was no error.
This libel case was tried on May 11,1995. The next day, May 12,1995 judgment issued against the defendant in the amount of $15,000 together with interest and costs. Notices of the judgment were mailed to each of the parties immediately.
The defendant, on or about August 26,1997, filed a Notice of Appeal requesting trial de novo in the Superior Court pursuant to Massachusetts General Laws, Chapter 231, Section 104. The Clerk’s Office refused to accept the same; the defendant then filed a Motion to be permitted to make a late appeal to the Superior Court based on the allegation that notice was not received by the defendant until August 12,1997. The defendant’s Motion was denied by Judge Minehan on October 22,1997.
The defendant argues that he and his attorney never received notice of the judgment until August 12,1997 when he received Supplementary Process papers. Both the defendant and his attorney signed affidavits to that effect. Defendant’s attorney also stated in his affidavit that he did not find it unusual to have not received notification of judgment as he had in the past not received judgments from Probate and District Courts for extended periods of time. He further argues that notice is not given until received by the person to be notified, in the absence of any express provision to the contrary. Costello v. Board of Appeals of Lexington, 3 Mass. App. Ct. 441, 443 (1975) and therefore the judge abused her discretion in denying his motion. We disagree with the defendant.
Defendant’s attorney took no action on this judgment for two years and three months. He made no inquiries of anyone during this period. Rule 77 (d) of the Rules of Civil Procedure is controlling in this matter.
Unless due diligence is exercised by the attorney or the attorney can show good reason for his lack of due diligence, the Courts cannot afford relief from a judgment when notice was properly sent by the Clerk, irrespective of whether or not that notice was received. To fail to make any inquires as to the results of a trial before a Judge for that length of time shows a lack of diligence on the part of the attorney and is fatal to any claim for a new trial. There was no abuse of discretion.
We find there was no error and the appeal is dismissed.