SINGH, J. (dissenting).
It is undisputed that the plaintiffs failed to give timely "[n]otice of the action with a copy of the complaint" to the town clerk as required by G. L. c. 40A, § 17. Nonetheless, they were able to depose the town clerk, the assistant town clerk and the town planner in an effort to establish that the town clerk had actual knowledge of the filing of their complaint. I believe this inquiry into the "actual knowledge" of the clerk removes the burden from where it properly should be placed, squarely on the shoulders of the plaintiffs. Where a party has failed in its statutory notice obligation, local officials should not be drawn into litigation.
I acknowledge that dismissal of an appeal is a severe sanction for failure to give timely notice to the town clerk, particularly where it appears that the plaintiffs timely filed a complaint in court to challenge the decision of the local zoning board of appeals. Given that the requirement of G. L. c. 40A, § 17, is a jurisdictional requisite to judicial review, however, see Garfield v. Board of Appeals of Rockport, 356 Mass. 37, 39, 247 N.E.2d 720 (1969), this requirement must be enforced even where it leads *755 to harsh results. *395 [1] See Bjornlund v. Zoning Bd. of Appeals of Marshfield, 353 Mass. 757, 757, 231 N.E.2d 365 (1967) ; O'Blenes v. Zoning Bd. of Appeals of Lynn, 397 Mass. 555, 558-559, 492 N.E.2d 354 (1986) ; Costello v. Board of Appeals of Lexington, 3 Mass. App. Ct. 441, 442, 333 N.E.2d 210 (1975) ; Bingham v. City Council of Fitchburg, 52 Mass. App. Ct. 566, 566-567, 754 N.E.2d 1078 (2001).
The Hickeys argue that their failure to serve the town clerk with notice of their appeal should be excused because the assistant town clerk was told by the town planner that he had received the Hickeys' complaint. In doing so, they rely primarily on Konover Mgmt Corp. v. Planning Board of Auburn, 32 Mass. App. Ct. 319, 588 N.E.2d 1365 (1992) ( Konover ).
Under the circumstances recited in Konover, this court held that the plaintiff had adequately complied with G. L. c. 40A, § 17. In so doing, we found that the "key element" in cases "relaxing the rigors of strict compliance with the zoning appeal statute" is that within the appeals period "the clerk is actually notified that an appeal-i.e., a complaint, has in fact been timely filed." Id. at 324-325, 588 N.E.2d 1365. Referring to Garfield, supra, the Konover court wrote, "[t]he decision makes it clear that it is the state of the clerk's knowledge, not the physical location of the papers, that controls." Konover, supra at 325, 588 N.E.2d 1365. In Garfield, however, the court did not discuss the state of the clerk's personal knowledge as a basis for its decision. Instead, the court relied on the statutory language-emphasizing *396 that, in contrast to G. L. c. 40A's provisions for filing the board's decision "in the office of the city or town clerk," the language relevant to judicial appeals required only that notice be given "to ... (the) city or town clerk," and did not require filing in the clerk's "office." Garfield, supra at 39, 247 N.E.2d 720.
There is, however, another "key element" that is apparent from Konover and the cases cited therein-which is that, before the notice requirement had been "relaxed," there had been an attempt by the plaintiff to provide the clerk with written notice of the appeal by some reasonably effective (albeit imperfect) means. See Konover, supra at 321, 588 N.E.2d 1365 (counsel sent out notice packet for service on town clerk). See also, McLaughlin v. Rockland Zoning Board of Appeals, 351 Mass. 678, 679, 223 N.E.2d 521 (1967)
*756 (complaint was delivered to town clerk without a notice of filing); Garfield, 356 Mass. at 39, 247 N.E.2d 720 (notice and copy of complaint were delivered to clerk at home, after close of business); Carr v. Board of Appeals of Saugus, 361 Mass. 361, 361, 280 N.E.2d 199 (1972) (notice of filing was delivered to town clerk without complaint).
Moreover, in all of these cases, the clerk's "actual knowledge" of the appeal has been linked in some way to the attempt by the plaintiff to serve her with notice.[2] See Konover, supra at 321, 588 N.E.2d 1365 (town planner received notice intended for clerk and informed clerk that appeal had been filed). See also, McLaughlin, supra at 679, 223 N.E.2d 521 ; Carr, supra at 361, 280 N.E.2d 199 ; Garfield, supra at 39, 247 N.E.2d 720.
In other words, in my view, Konover does not stand for the proposition that a clerk's actual knowledge of a pending appeal is necessarily dispositive of the jurisdictional question, regardless of the source from which that knowledge might flow.[3] Such an exception, in all cases where the clerk has learned of an appeal by *397 some happenstance independent of the plaintiff's efforts at perfecting the appeal, could negate entirely the statutory requirement that timely notice be provided to the clerk. Moreover, such an exception would have the effect of requiring town clerks (as well as other town officials) to submit to litigation discovery in every instance where the plaintiff has failed to give the formal notice required by the statute.[4] While Konover and Garfield "expanded the manner in which the deadline could be met," see Bingham, supra at 571, 754 N.E.2d 1078, I *757 do not believe this expansion is broad enough to encompass this situation where there has been no attempt by the plaintiff to provide the written notice to the clerk required by the statute.
Written notice is contemplated by the statute's reference to "notice of the action with a copy of the complaint." G. L. c. 40A, § 17. See County of Norfolk v. Zoning Board of Appeals of Walpole, 16 Mass. App. Ct. 930, 930, 450 N.E.2d 628 (1983) (telephone notice that appeal will be taken is nugatory because it puts nothing in record by which interested third parties would be forewarned that zoning status of land is still in question). By relying on an oral representation to satisfy the notice requirement to the town clerk, the majority further extends the exceptions to the rule. See McLaughlin, supra (copy of complaint filed with clerk); Garfield, supra (notice of appeal and copy of complaint delivered to clerk); Carr, supra (notice of appeal filed with clerk); Konover, supra (copy of complaint shown to clerk).
For these reasons, I would hold that a plaintiff seeking judicial *398 zoning review is not entitled to the benefit of the town clerk's personal knowledge for purposes of satisfying G. L. c. 40A, § 17, unless that knowledge can reasonably be connected to a timely attempt to provide formal, written notice to the clerk by some reasonably effective means. Such a rule is consistent with Konover, where the court emphasized the details of the plaintiffs' counsel's attempted service on the clerk's office, and found that his failure to do so was a " 'relatively innocuous' misstep that was not 'so repugnant to the procedural scheme, so destructive of its purposes, as to call for dismissal."[5] Konover, supra at 327, 588 N.E.2d 1365, quoting from Schulte v. Director of the Div. of Employment Sec., 369 Mass. 74, 79, 337 N.E.2d 677 (1975).
Here, because the plaintiffs served only the board and made no attempt to provide separate notice to the town clerk, as required by the statute, I believe the appeal was properly dismissed by the Land Court. See Pasqualino v. Board of Appeals of Wareham, 14 Mass. App. Ct. 989, 990, 440 N.E.2d 523 (1982). I would affirm.

The requirement of notice to the town clerk appears in the first paragraph of G. L. c. 40A, § 17. The second paragraph describes those persons who must be named as defendants in a zoning appeal-and the list does not include the town clerk. See G. L. c. 40A, § 17. The statute goes on to provide a method of supplying notice to the defendants "instead of the usual service of process" in order "to avoid delay in the proceedings." G. L. c. 40A, § 17. Such notice must be sent to the defendants within "fourteen days after the filing of the complaint." G. L. c. 40A, § 17. Here, it is undisputed that the Hickeys supplied notice to the board members both in the manner directed by the statute and also by sending a packet including a summons and copy of the complaint (addressed to the board's "Chairman") to the town offices with a cover letter invoking Mass.R.Civ.P. 4, as amended, 402 Mass. 1401 (1988). Because the town clerk is not a defendant to a zoning appeal, it is apparent that the two separate notice requirements found in § 17 serve entirely different purposes. Thus, it is clear in the statutory scheme that providing notice of the action to the named defendants is not the same as providing notice to the clerk. Moreover, lapses in compliance with the former requirement have been forgiven to an extent that lapses in compliance with the latter have not. See Pierce v. Board of Appeals of Carver, 369 Mass. 804, 809, 343 N.E.2d 412 (1976) ("there is a different approach to the carrying out of the later steps of an action which has been timely commenced and timely recorded in the town clerk's office").

The motion judge addressed this issue by interpreting Konover in such a way as to limit "personal knowledge" to instances where the clerk or assistant clerk has actually seen the complaint, so as to avoid reliance on hearsay. Although the majority sees no reason to apply "adjudicative evidentiary standards" on assessment of the clerk's "actual knowledge," it provides no guidance as to how such an assessment is to be made. There is good reason for the clerk not to rely on representations from other individuals. First, those other individuals may be mistaken. Second, not all individuals are entitled to the same degree of trust. The clerk is ultimately responsible for certifying the status of an appeal. The public is entitled to a certification based on the clerk's first-hand knowledge, not the passing on of mere hearsay.

The majority takes the position that, given the Hickeys' notice to the board, we need not consider whether notice would be adequate if it came to the attention of the town clerk by some means other than communication among town officials. In every case of this nature, however, town officials will be named defendants and will therefore receive notice through service. See G. L. c. 40A, § 17, second par. I would expect that, in most cases, this information would further be transmitted to the town clerk through casual conversation among officials within town hall. Thus, this view has the potential to nullify the legislative requirement that separate notice be sent to the town clerk. See G. L. c. 40A, § 17, first par.

Not only is such involvement in litigation burdensome, it causes town officials to be placed in the untenable position of assisting a party with perfecting his or her appeal. In the context of a zoning appeal, what is helpful to one party may be harmful to another. And where two neighbors are at loggerheads over a proposed project, both are the constituents of town officials. Here, the town planner and/or the assistant town clerk may well have scrupulously refrained from any active attempt to help the Hickeys by curing the notice defect-which would have been to the detriment of project's proponent. I view such behavior as appropriately neutral, and not the sort of wilful attempt to dodge notice or process that would be improper. As the town planner testified at deposition, "[the] responsibility to file with the Town Clerk the appeal of a decision is not mine ... It's not my job to provide the Town Clerk what the attorney for the appellant is supposed to provide the Town Clerk."

As stated in Konover, "[s]trict compliance with § 17 is not an undue burden; nor would be an inquiry directly to the town clerk's office prior to the expiration of the twentieth day as to the fact of the clerk's receipt of the papers. Double-checking the accomplishment of such jurisdictional and potentially outcome-determinative matters appears to be well within the duty of competence which a lawyer, as a fiduciary, owes to the client-a duty that cannot be delegated without proper supervision and control." Konover, supra at 327, n.13, 588 N.E.2d 1365 (noting that Konover's procedural misstep might have been fatal in different circumstances).