## CAROL Y. BINGHAM, trustee[1] *vs.* CITY COUNCIL OF FITCHBURG & others.[2]

No. 00-P-742.

Worcester. May 18, 2001. - September 20, 2001.

Present: GREENBERG, GILLERMAN, & DOERFER, JJ.

*Practice, Civil,* Appeal, Notice of appeal, Enlargement of time. *Zoning,* Appeal, Notice.

On an appeal of a city council's decision to grant a special permit, the filing of a notice of appeal with the mayor after the close of business of the clerk's office on the last day of the appeal period did not satisfy the twenty-day limit under G. L. c. 40A, § 17, where the clerk was not made aware that a complaint had been filed prior to the expiration of the time in which to appeal, and in fact did not learn about the papers having been received until after informing counsel for the defendant that no appeal had been filed. [568-571]

CIVIL ACTION commenced in the Land Court Department on October 12, 1999.

On transfer to the Worcester Division of the Housing Court Department, the case was heard by *John G. Martin,* J., on a motion for summary judgment.

*Acheson H. Callaghan* for the plaintiff.

*David S. Weiss* for BJ's Wholesale Club, Inc.

*Michael J. Ciota,* City Solicitor, for city council of Fitchburg.

DOERFER, J. The plaintiff in this case, waiting until the last possible moment of the last possible day, failed by fifteen minutes to file in the city clerk's office a notice of appeal of the grant of a special permit as required by G. L. c. 40A, § 17.[3] We

[1]Of the 80 Erdman Way Realty Trust.

[2]BJ's Wholesale Club, Inc., and Natick MA Realty Corp.

[3]General Laws c. 40A, § 17, reads in relevant part as follows: "Any person aggrieved by a decision of the board of appeals or any special permit granting authority . . . whether or not previously a party to the proceeding . . . may

affirm the decision of the Worcester Housing Court granting the defendants' motion for summary judgment and dismissing the plaintiff's appeal. Harsh as it may seem, the circumstances in this case do not come within the "wiggle room" created by any decided case. We decline to enlarge that space any further.

*Background.* In January, 1999, the defendants, BJ's Wholesale Club, Inc., and Natick MA Realty Corp., applied to the Fitchburg city council (council) for a special permit to build a gas station in the parking lot of BJ's Fitchburg store. Their application was denied, and in March, 1999, BJ's appealed that decision to the Worcester Superior Court. The appeal was transferred to the Worcester Housing Court which, by stipulation of the parties, remanded the matter back to the council "for purposes of holding further hearings and/or making additional, supplemental or amended findings," while the court retained jurisdiction.[4] After a public hearing, the council voted to reverse its original determination and grant the special permit. This decision was filed in the city clerk's office on September 21, 1999.

The plaintiff holds property abutting BJ's Fitchburg store, the location of the would-be gas station. On October 12, 1999, the final day of the twenty-day[5] appeal period under G. L. c. 40A, § 17, the plaintiff brought an action by filing a complaint in the Land Court[6] appealing the decision of the council granting a special permit to the defendants. On the same day, a paralegal acting for the plaintiff's attorney drove to the city clerk's office in Fitchburg to file a notice of appeal and a copy of the complaint with the city clerk as required by G. L. c. 40A, § 17. Unfortunately, the paralegal did not reach the clerk's office until after it had closed for the day at its regularly scheduled and

---

appeal . . . by bringing an action within twenty days after the decision has been filed in the office of the city or town clerk . . . . Notice of the action with a copy of the complaint shall be given to such city or town clerk so as to be received within such twenty days."

[4]The court's order stated that "[t]his Order of Remand shall not be a final disposition of this action, and the Court shall continue to have jurisdiction over this appeal."

[5]October 11, 1999, was a holiday.

[6]This matter was transferred to the Worcester Housing Court as well.

published closing time of 4:30 P.M.[7] The paralegal then went across the hallway to the mayor's office and explained the predicament. The paralegal asked to go to the clerk's home to deliver the papers, but was told that the clerk was "away." The mayor was able to open the clerk's office door, and the papers were date-stamped at 4:45 P.M. They were retained by the mayor and not filed in the clerk's office until some unascertained time the next day. The clerk was not aware of the notice of appeal until some time in the morning of the next day. There is no evidence as to when that morning it was brought to the attention of anyone in the clerk's office.

*Discussion.* Receipt of notice by a city clerk is a prerequisite "for an action under G. L. c. 40A, § 17, which the courts have 'policed in the strongest way' and given 'strict enforcement.' " *Konover Mgmt. Corp.* v. *Planning Bd. of Auburn*, 32 Mass. App. Ct. 319, 322-323 (1992) (citations omitted). "[T]imely institution of an appeal should be held a condition sine qua non, while other steps in carrying out the appeal should be treated on a less rigid basis." *Pierce* v. *Board of Appeals of Carver*, 369 Mass. 804, 811 (1976), citing *Schulte* v. *Director of the Div. of Employment Security*, 369 Mass. 74, 81 (1975). *Konover Mgmt. Corp.* v. *Planning Bd. of Auburn, supra.*

As stated in *Schulte,*

"Sloppiness in following a prescribed procedure for appeal is not encouraged or condoned, but at the same time a distinction is taken between serious missteps and relatively innocuous ones. Some errors or omissions are seen on their face to be so repugnant to the procedural scheme, so destructive of its purposes, as to call for dismissal of the appeal. A prime example is attempted institution of an appeal seeking judicial review of an administrative decision after expiration of the period limited by a statute or rule. The result in such a case is understandable and acceptable: it is comparable in some respects to the dismissal of an original claim brought to a court after the running of an applicable statute of limitations. With respect to other slips

---

[7]The time of closing was published in the Massachusetts Lawyers Diary and Manual and of course could have been otherwise ascertained by a simple inquiry.

in the procedure for judicial review, the judge is to consider how far they have interfered with the accomplishment of the purposes implicit in the statutory scheme and to what extent the other side can justifiably claim prejudice."

*Schulte* v. *Director of the Div. of Employment Security, supra* at 79-80 (citations omitted).

Failures in meeting the twenty-day deadline are not forgiven. See *Costello* v. *Board of Appeals of Lexington,* 3 Mass. App. Ct. 441, 442-443 (1975); *O'Blenes* v. *Zoning Bd. of Appeals of Lynn,* 397 Mass. 555, 558 (1986). As we said in *Costello,* "[t]he purpose of the notice provision is to give interested third persons at least constructive notice of the appeal. Strict compliance with all the [other] details of the notice provision is not required, so long as notice adequate to serve the purpose of the provision is given *within the period limited.*" *Costello* v. *Board of Appeals of Lexington, supra* at 443 (citations omitted; emphasis supplied). See *Konover Mgmt. Corp.* v. *Planning Bd. of Auburn, supra* at 324 ("The key element of the[] decisions relaxing the rigors of strict compliance with the zoning appeal statute is that *within the mandatory twenty-day period* the clerk is actually notified that an appeal — i.e., a complaint — has in fact been timely filed" [emphasis supplied]). Thus, if the required notice was not received within twenty days, the appeal should be dismissed. *Garfield* v. *Board of Appeals of Rockport,* 356 Mass. 37, 39 (1969), and cases cited.

In *Garfield,* the Supreme Judicial Court held that the statutory requirement of notice to the town clerk was satisfied by delivering a notice of action and a copy of the complaint to the clerk at her home after the close of the clerk's office on the twentieth day. *Ibid.* The court reasoned that, according to the statute, it is the state of the clerk's knowledge that is important, not the physical location of the papers.[8] Thus, the notice provision was satisfied because the clerk had knowledge of the ap-

---

[8]Although the *Garfield* court held that it is the clerk's knowledge of an appeal that controls, it also made clear "a notice seasonably filed with the clerk's office during its normal business hours doubtless would be sufficient, even if the clerk was not present." *Garfield* v. *Board of Appeals of Rockport, supra* at 39 n.1.

peal on the twentieth day even though it came hours after the clerk's office closed for the day.

In *Konover*, the plaintiffs mistakenly filed the requisite papers with the town planner's office instead of with the city clerk. *Konover Mgmt. Corp.* v. *Planning Bd. of Auburn*, 32 Mass. App. Ct. at 320-321. Prior to the expiration of the twenty-day deadline, however, the town planner showed the clerk and an assistant clerk the copy of the complaint that had been received. *Id.* at 322. Relying on the holding of *Garfield* v. *Board of Appeals of Rockport*, *supra*, that it is the clerk's knowledge and not the location of the papers that controls, we held that the purpose of the notice provision was served because the clerk was aware that an appeal had been commenced within the time limited. *Konover Mgmt. Corp.* v. *Planning Bd. of Auburn*, *supra* at 323-327. Given that the clerk had knowledge of the appeal and could easily access the proper papers, not only could interested parties be "forewarned of the pending controversy, but they would have the opportunity to review its details for themselves." *Id.* at 326. We also noted that our decision in *Konover* "should not be taken to imply that we condone [the appellant's] procedural misstep, which might have been fatal in other circumstances." *Id.* at 327 n.13.

In the instant matter, although the notice of action and complaint were given to the mayor only fifteen minutes after the clerk's office closed, neither the clerk nor anyone in the clerk's office was aware that an appeal had been commenced until, at best, the following morning.[9] By this time, counsel for BJ's Wholesale Club had already been provided with certification that no appeal had been filed within the twenty-day period. Thus, it is evident that the intended purpose of providing third

---

[9]The notice of appeal and copy of the complaint had been left in the mayor's office. There is nothing in the record revealing at what time the next morning the assistant clerk was made aware of the document's presence. We do not know whether the documents were brought to the attention of an assistant clerk immediately upon opening the office for the day, or sometime later. Thus, we cannot say with assurance, as the plaintiff suggests, that anyone inquiring with the clerk's office that morning would have been informed that an appeal had been filed. Indeed, the record reflects the opposite. By the time the clerk was informed that the papers had been received, counsel for the defendants had already been informed that no appeal had been filed.

persons with notice of the appeal had not been accomplished within the time limited.

The plaintiff urges us effectively to extend the deadline to the morning of the twenty-first day. The plaintiff argues that giving a copy of the complaint to the clerk at home, as in *Garfield*, would mean, theoretically, that the papers would not reach the clerk's office until the following day. Thus, if a party were to lie in wait at the clerk's office door until it opened for business on the twenty-first day, notice to third parties would be given as quickly as if the clerk had received the documents at home the night before. This may be true. However, in announcing the outer limit of the twenty-day deadline, *Konover* and *Garfield* reasoned that it is the clerk's knowledge that controls. Although that reasoning expanded the manner in which the deadline could be met, neither case permitted extending the deadline beyond the twentieth day.

The crucial distinction is that, in those cases, the clerk was made aware that a complaint had been filed prior to the expiration of the time in which to appeal. Thus, although a bright line of twenty days has been generously interpreted by *Garfield* and *Konover*, we decline to extend the margins any further. The twenty-first day is not the twentieth day. See *Costello* v. *Board of Appeals of Lexington*, 3 Mass. App. Ct. at 443 ("Manifestly the purpose of the notice provision is not served within the time limited unless the notice is received within the time limited").

We further note that strict compliance with the twenty-day deadline announced in G. L. c. 40A § 17, is not an undue burden; nor would be an inquiry to the appropriate clerk's office to determine the closing time of that particular office. The plaintiff should ensure the accomplishment of such a potentially outcome-determinative matter. *Konover Mgmt. Corp.* v. *Planning Bd. of Auburn*, 32 Mass. App. Ct. at 327 n.13.

*Judgment affirmed.*