Locke, J.
Plaintiffs, Todd and Diane Sanderson, have filed the present appeal under G.L.c. 40A, §17 from the decision of defendant, the Zoning Board of Appeals of the Town of Spencer and its individual members (“the ZBA”), denying the plaintiffs’ request for a special permit to convert a vacant dwelling into a nine-unit, multi-family dwelling. Defendants, the ZBA, now move to dismiss plaintiffs’ complaint on the ground that plaintiffs failed to file the appeal within twenty days of the Board's granting of the variance as required under G.L.c. 40A, §17. For the following reasons, defendants’ motion to dismiss will be ALLOWED.

BACKGROUND

The following facts are taken from plaintiffs’ complaint and are assumed to be true for purposes of this motion. The plaintiffs, Todd and Diane Sanderson, recently acquired property in Spencer that consists of a vacant, fire-damaged mansion that was used most recently as an apartment building. The plaintiffs intended to use to utilize the building as an owner-occupied apartment building, a use that requires a special permit from the Zoning Board of Appeals.
The plaintiffs applied for the special permit and public hearings were conducted in the spring of 2001 and a vote was held on April 24, 2001. Although two of three voting members of the ZBA approved the application, a unanimous decision was necessary to grant the permit. The special permit, therefore, was denied. The decision of the ZBA was filed with the Town Clerk of Spencer on Wednesday, May 2, 2001 and the plaintiffs filed this action on Friday, May 18, 2001. After moving for a special process server pursuant to Mass.R.Civ.P. 4C, the plaintiffs sent the necessary paperwork to a constable on Monday, May 22, 2001. Due to confusion about the allowance of the first motion, the constable obtained a ruling on a second Rule 4C motion that day. The notice of appeal and *82 complaint, however, were not filed with the Spencer town clerk until the morning of Tuesday, May 23, 2001, twenty-one days after the decision of the ZBA was filed.

DISCUSSION

Here, defendants challenge plaintiffs’ complaint under Mass.R.Civ.P. 12(b)(1) and (6). When evaluating the sufficiency of a complaint pursuant to Rule 12(b)(1) or (6), the Court must accept as true .the well-pleaded factual allegations of the complaint, as well as any reasonable inferences which can be drawn therefrom in the plaintiffs favor. Ginther v. Comm'r of Insurance, 427 Mass. 319, 322 (1998), citing Nader v. Citron, 372 Mass. 96, 98 (1977). Under Rule 12(b)(6), the “complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader, 372 Mass. at 98, quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). All inferences should be drawn in the plaintiffs favor, and the complaint "is to be construed so as to do substantial justice . . .” Ourfalian v. Aro Mfg. Co., 31 Mass.App.Ct. 294, 296 (1991).
The Appeals Court recently emphasized the importance of strictly construing the twenty-day filing deadline set forth in G.L.c. 40A, §17 in Bingham v. City Council of Fitchburg, 52 Mass.App.Ct. 566 (2001). Section 17 provides in relevant part:
Any person aggrieved by a decision of the board of appeals or any special permit granting authority . . . whether or not previously a party to the proceeding . . . may appeal ... by bringing an action within twenty days after the decision has been filed in the office of the city or town clerk . . . Notice of the action with a copy of the complaint shall be given to such city of town clerk so as to be received within such twenty days.
Receipt of notice by a city clerk is a prerequisite “for an action under G.L.c. 40A, 17, which the courts have ‘policed in the strongest way’ and given ‘strict enforcement.’ ” Bingham, supra at 568 (2001), quoting Konover Mgmt Corp. v. Planning Bd. of Auburn, 32 Mass.App.Ct. 319, 322-23 (1992). Failures in meeting the twenty-day deadline are not forgiven. See Bingham, supra, citing Costello v. Board of Appeals of Lexington, 3 Mass.App.Ct. 441, 442-43 (1975). “The key element of the decisions relaxing the rigors of strict compliance with the zoning appeal statute is that within the mandatory twenty-day period the clerk is actually notified that an appeal — i.e. a complaint — has in fact been timely filed.” Konover, supra at 324.
In Bingham, the plaintiff, an abutter to the property at issue, appealed the granting of a special permit by the Fitchburg City Council by filing a complaint in the Land Court on the final day of the twenty-day period. Bingham, supra at 567. On the same day, a paralegal for the plaintiffs attorney attempted to file a notice of appeal and copy of the complaint with the city clerk, but found the office closed for the day at 4:30 p.m. Id. Although the papers were date-stamped 4:45 p.m. by the mayor, who opened the door for the paralegal, the clerk was not aware of the notice of appeal until the morning of the next day. Id. The trial court in Bingham dismissed the claims on summary judgment and the Appeals Court upheld the decision, declining to “extend the margins” of the twenty-day period any further. Id. at 571. The Court noted that the crucial distinction between its holding in Bingham and several cited cases where the “outer limits” of the twenty-day deadline were reached was whether the city or town clerk was made aware that a complaint had been filed prior to the expiration of the twenty-day period. Bingham, supra at 571. The Court explicitly declined to extend any consideration to the twenty-first day. “The twenty-first day is not the twentieth day.” Id.
Here, notice of the plaintiffs’ appeal did not reach the clerk’s office in Spencer until the morning of day twenty-one. It is clear that, while the complaint may have been filed in this Court several days prior, the town clerk in Spencer was not notified of the appeal until after the passing of the twenty-day period. While the plaintiffs argue that the Court should draw the line between serious missteps and relatively innocuous ones, referring to language used in Konover Mgmt. Corp. v. Planning Board of Auburn, supra, the facts as presented here cannot be meaningfully distinguished from those in the Bingham case. As such, this Court must allow the defendants’ motion to dismiss the' complaint.

ORDER

It is hereby ORDERED that defendants’ motion to dismiss is ALLOWED.