Carhart, J.
The plaintiff, Lori-Ann Jones (Jones), pro se, filed this action pursuant to G.L.c. 40A, §17, on April 16, 2004, seeking judicial review of a decision of the defendant, City of Westfield Zoning Board of Appeals (the ZBA) affirming a decision of the defendant, Donald York (York), Building Commissioner of the Ciiy of Westfield. The defendants now move to dismiss Jones’ complaint for failure to state a short, plain statement of the claim under Mass.RCiv.P. 12(b)(6); failure to serve timely notice of the action, on the city clerk as required by G.L.c. 40A, §17; and failure to join necessary parties pursuant to Mass.RCiv.P. 12(b)(7). The defendants’ motion is allowed.
Jones filed her appeal and a copy of her complaint with the Westfield city clerk on April 16, 2004, twenty-four days after the ZBA filed its decision. Jones argues that her action should survive as she relied on “ambiguous information given to the Plaintiff by the Defendants,” and filed her appeal with the Superior Court on April 9, 2004, only eighteen days after the ZBA filed its decision. However, “(flailures in meeting the twenty-day deadline are not forgiven.” Bingham v. City Council of Fitchburg, 52 Mass.App.Ct. 566, 569-70 (2001) (citations omitted) (where plaintiff gave copy of action to mayor fifteen minutes after clerk’s office closed on twentieth day, and where clerk not aware of action until following day). “Timely institution of an appeal should be held a condition sine qua non, while other steps in carrying out the appeal should be treated on a less rigid basis.” Id. at 568, quoting Pierce v. Bd. of Appeals of Carver, 369 Mass. 804, 811 (1976). Jones’ blame on the defendants for her failure to file timely is misplaced, as it is “(t]he plaintiff [who] should ensure the accomplishment of such a potentially outcome-determinative matter.” Bingham, 52 Mass.App.Ct. at 571; see also O’Blenes v. Zoning Bd. of Appeals of Lynn, 397 Mass. 555, 558 (1986) (holding plaintiffs counsel’s reliance on statement of clerk of board of appeals regarding final date for filing of appeal with city clerk unreasonable). “The public interest in assuring that there is a timely record in the city clerk’s office giving ‘notice to interested persons that the decision of the board of appeals has been challenged and may be overturned,’ requires strict enforcement of the statutory notice requirements.” O’Blenes, 397 Mass. at 558, quoting Pierce, 369 Mass. at 808.
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendants’ motion to dismiss is ALLOWED.