Moses, J.
INTRODUCTION
This action involves a challenge by the Plaintiffs, Robert Rabin and Patricia Rabin to the denial of a special permit by the Planning Board for the Town of Brewster pursuant to G.L.c. 40A, §17. It is unnecessary to review the substance or merits of the application for special permit and the decision rendered incidental thereto in light of the circumstances hereinafter described. The Defendant Planning Board Members have filed a motion for summary judgment asserting numerous deficiencies in the filing and service of the Plaintiffs action. The Court need only address one of these grounds which is the sole jurisdictional basis for challenging the Plaintiffs complaint. In short, the Defendants assert that the Rabins have not provided notice to the Town Clerk of the filing of the within action within twenty (20) days of filing suit as required by G.L.c. 40A, §17.
A review of the numerous affidavits filed by the parties, including the affidavit of Counsel for the Plaintiffs clearly establishes that the Plaintiffs representative appeared at Town Hall on August 14, 2003 at some time after the 4:00 p.m. closing of Town Hall. After hearing knocking on a locked door the Town Administrator admitted Plaintiffs’ representative to Town Hall sometime around 4:30 p.m. At that time the door to the Town Clerk’s Office was separately locked and the Town Administrator stamped the Complaint with the “Selectman’s stamp.” The door to the Town Clerk’s Office was then unlocked and the Complaint left on the counter for the Town Clerk’s Office. The Town Clerk did not become aware of the filing until August 15, 2003, which was the 21st day after the filing of the decision with the Town Clerk’s Office.

DISCUSSION

The notice of filing an action under G.L.c. 40A, §17 and former §21 is a jurisdictional requirement. See McLaughlin v. Rockland Zoning Board of Appeals, 351 Mass. 678, 680 (1967). Our courts have consistently strictly construed this requirement as in the case of Bjornlund v. Zoning Board of Appeals of Marshfield, 353 Mass. 757 (1967), where a complaint was dismissed where notice of filing of the action was received by the town clerk’s office on November 23rd when the 20 days mandated by the statute expired on November 22nd. The basis for our Courts strictly construing the aforesaid statute is that a record in the Clerk’s office should be available to furnish constructive notice to interested persons when that the decision of the Board of Appeals has been challenged and may be overturned. See Pierce v. Board of Appeals of Carver, 369 Mass. 804, 808 (1976).
In the case of Bingham v. City Counsel of Fitchburg, 52 Mass.App.Ct. 566 (2001), the court upheld the granting of a motion for summary judgment dismissing an appeal pursuant to G.L.c. 40A, §17. In such action, a paralegal attempted to file notice of an appeal under the statute with a town clerk’s office, but did not reach the clerk’s office until shortly after its 4:30 p.m. closing time. The paralegal proceeded to cross the hall to the Mayor’s office who opened the clerk’s office and the papers were date stamped at 4:45 p.m. and retained by the Mayor and not filed in the clerk’s office until sometime the next day. The critical fact in the case was that the clerk was not aware of the notice of appeal until sometime in the morning of the following day. The court noted the receipt of the notice by the city clerk is a prerequisite of an action under G.L.c. 40A, §17 which the courts have “policed in the strongest way” and given strict enforcement. See Bingham v. City Counsel of Fitchburg, id. at 568; Kornover Mgmt. Corp. v. Planning Board of Auburn, 32 Mass.App.Ct. 319 (1992). The court concluded that the clerk’s office was unaware of the subject appeal until the following morning and that appropriate notice had not been received within the 20-day statutory period and hence affirmed the granting of summary judgment. The facts in the case at bar are substantially similar to the facts in Bingham and the mere fact that the stamped Complaint was left on the Clerk’s desk after closing hours without notice to the Clerk will not save the day for the Plaintiffs.
This Court finds that there have been no facts presented by the Plaintiffs that would be sufficient to estop the Board from insisting upon the notice requirements of G.L.c. 40A, §17. See Clickner v. City of Lowell, 422 Mass. 539 (1996).
ORDER
For the foregoing reasons, it is ordered that judgment enter AFFIRMING the decision of the Planning Board for the Town of Brewster and that the Plaintiffs’ Complaint be DISMISSED.