Lu, John T., J.

INTRODUCTION

Plaintiff, Cheryl A. Dymek (Dymek), brought this action as an administrative appeal against defendant, Town of Leicester Zoning Board of Appeals (Board) pursuant to G.L.c. 40A, § 17. Specifically, Dymek challenges the Board’s decision granting a special permit to John and Suzanne Krol (collectively the Krols). After successfully moving to intervene as essential parties to the action, the Krols now move to dismiss the complaint. They assert that Dymek’s failure to give the Town Clerk of Leicester (Town Clerk) notice or to name them as parties in her complaint violates G.L.c. 40A, §17, and therefore, this court lacks jurisdiction over the subject matter.[1] Dymek asserts that her complaint was filed within the statutorily prescribed time period and that all parties were properly identified.
Determining that Dymek’s failure to comply with the notice requirement to the Town Clerk deprives this court of jurisdiction over the action, the Court allows the motion to dismiss.

BACKGROUND

On or about September 12,2005, the Board granted a special permit to the Krols. The Krols sought the special permit for the non-conforming use of a structure on their properly at 15 Fairview Drive in Leicester. The Board then filed its authorization and decision with the Town Clerk on September 16, 2005. The Krols were notified that although the Board granted their special permit, it would not be effective until the statutory time period for appeals had elapsed.
On October 4, 2005, Dymek filed this action. She did not, however, serve the Town Clerk with notice within the statutorily prescribed twenty-day appeal period. On October 7, 2005, the Krols received a “Certificate of No Appeal” from the Town Clerk which was then recorded in the Worcester District Registry of Deeds. Sometime thereafter, the Krols learned of Dymek’s appeal to this court through the Building Inspector for the Town of Leicester. The Krols then became parties to this action through a Motion to Intervene on March 17, 2006.

DISCUSSION

G.L.c. 40A, §17 provides that “any person aggrieved by a decision of . . . any special permit granting authority . . . may appeal to the . . . superior court . . . by bringing an action within twenty days after the decision has been filed in the office of the city or town clerk.” (Emphasis added.) The Supreme Judicial Court has held that failure to give notice to the city or town clerk as mandated by G.L.c. 40A, §17 forecloses the jurisdiction of the superior court. O’Blenes v. Bd. of Appeals of Lynn, 397 Mass. 555, 558 (1986). Therefore “if the required notice was not received [by the town clerk] within twenty days, the appeal should be dismissed.” Bingham v. City Counsel of Fitchburg, 52 Mass.App.Ct. 566, 569 (2001).
The rigidity of the twenty-day appeals time requirement serves the primary purpose of giving “interested third persons at least constructive notice of the appeal.” Id., quoting Costello v. Bd. of Appeals of Lexington, 3 Mass.App.Ct. 441, 443 (1975). A notice of appeal allows third parties relying on a board’s decision to move forward without fear that later appeals will be filed past the twenty-day period allotted by the statute. See Konover Mgmt. Corp. v. Planning Bd. of Auburn, 32 Mass.App.Ct. 319, 326 (1992) (discussing the importance of interested parties being forewarned of a pending controversy).
The Krols’ argument is persuasive. Although Dymek filed her appeal with this court on October 4, 2005, within the twenty days allotted by statute, the dispositive issue is whether or not she gave the Town Clerk notice as required by the statute. See G.L.c. 40A, *500 §17. She did not. Rather, on October 7, 2005, twenty-one days after Dymek failed to give notice, the Town Clerk certified to the Krols that no appeals were filed. The purpose of the statutory requirement of notice to the Town Clerk, is to notify the Town Clerk of appeals without requiring that the Town Clerk investigate whether an appeal has been filed in a court, and to streamline the process by which third parties may rely upon the Board’s decisions. Because Dymek failed to file her appeal to the Town Clerk within the twenty-day period, her complaint must be dismissed. O’Blenes 397 Mass. at 558; Bingham, 52 Mass.App.Ct. at 569. “(RJeceipt of notice by the town clerk is ajurisdictional requisite for an action under G.L.c. 40A, §17.” Konover, 32 Mass.App.Ct. at 322-23. That is, unless the petitioner provides the town clerk with notice of the complaint within twenty days after the board’s decision has been filed, the court is required to dismiss the action. See Id. at 323-24 (timely filing of appeal is the sine qua non of §17 appeals and clerk’s knowledge of the appeal is what governs).

ORDER

Determining that the Plaintiff Cheiyl A. Dymek has failed to comply with the statutory twenty-day notice requirement, the Defendant Krols’ motion to dismiss is ALLOWED

Essentially since the filing of the motion to dismiss, this judge has had the motion under advisement.