Welch, Richard E., J.
INTRODUCTION
The plaintiff in this case believed the Amesbuiy Building Inspector had erred in issuing a building .permit. The plaintiff reasonably asked the building inspector to reconsider and did not immediately resort to an appeal to the local Zoning Board of Appeals. Perhaps showing what a litigious society we have become, this effort of informal persuasion was a mistake. According to a recent decision from the highest court of this Commonwealth, an abutter with a clear interest in a zoning violation has only a brief time window during which to file an appeal when he or she suspects that a building inspector has erroneously issued a building permit. Although a zoning violation may well be occurring, the abutter in this case failed to file an appeal within 30 days. Although it may appear draconian, without such a timely appeal, this court does not have jurisdiction over this matter.
Pursuant to G.L.c. 40A, §17, the plaintiff, Ganson Purcell (“Purcell”), appeals a decision issued by the Amesbuiy Zoning Board of Appeals (the “Board”) on October 7, 2010, which upheld a decision by Denis Nadeau, the Amesbuiy Building Inspector (the “Building Inspector”), denying Purcell’s request to enforce the Amesbuiy Zoning By-Laws (the “Zoning By-Laws”) so as to deny the defendant, Stephen Coyle (“Coyle”), trustee of the 450 Main Street Realty Trust (the “Realty Trust”), a building permit in connection with property the Realty Trust owns on Main Street, which abuts Purcell’s property. In connection with his appeal, Purcell requested that the court enter an order annulling the Board’s decision and rescinding any and all permits issued in connection with the subject property. Purcell also sought declaratory relief, pursuant to G.L.c. 231 A, §1, requesting that the court enter an order declaring that the subject property is not entitled to protection as a grandfathered lot under G.L.c. 40A, §6. The matter is currently before the court on Coyle’s Motion for Summaiy Judgment and Purcell’s Motion to Dismiss and for Summaiy Judgment. For the reasons explained below, Coyle’s Motion for Summary Judgment will be ALLOWED and Purcell’s Motion to Dismiss and for Summaiy Judgment will be DENIED.
BACKGROUND
I. Factual Background
Purcell owns property located at 443 Main Street in Amesbuiy. Coyle is the trustee of the Realty Trust, which owns property located at 450 Main Street. Coyle resides at this address. The Realty Trust also owns property located at 445 Main Street and 447 Main Street. 445 and 447 Main Street are two adjoining lots which are shown *480 on the Amesbury Assessor’s Map #79 as lot 48 and lot 48A (collectively the “Lots”). Together the Lots constitute the premises at issue in the current case.
The Lots are located in the R20 Zoning District as defined in the Amesbuiy Zoning By-Law (the “Zoning By-Law”), which Amesbuiy adopted on April 12, 1971. The minimum lot area for a single-family home in the R20 Zoning District is 20,000 square feet. The minimum setbacks for this district are as follows: front, 40 feet; sides, 20 feet; and rear, 40 feet. The minimum frontage for a lot in the R20 Zoning District is 125 feet. According to the Amesbuiy Assessor’s Office, Lot 48 has 3,840 square feet of upland area and Lot 48A has 680 square feet of upland area.
In addition to the description from the Amesbuiy Assessor’s Office, the Lots are identified as Parcels 1 and 2 on a plan entitled “Plan of Land in Amesbuiy, MA owner 450 Main Street Realty Trust, Stephen Coyle, Trustee” (the “Port Plan”), which Port Engineering Associates, Inc. prepared for the Realty Trust on February 21, 2007. The Lots are also shown on a plan entitled, “Notice of Intent Plan,” which Oak Engineer’s prepared for the Realty Trust on February 25, 2009. According to both the Port Plan and the Notice of Intent Plan, the Lots consist of a combined area of 6,401 square feet bounded in the rear by a “tie line” extending into the flow of the Merrimack River and having 79.56 feet of linear frontage along Main Street. The metes and bounds identified in the Port Plan and the Notice of Intent Plan are not specifically described in the chain of title for either of the Lots.[3] And further, there are no documents of record which specifically indicate that the location of the tie line represents the correct boundary between the Lots and the Merrimack River.
Since the adoption of the Zoning By-Law in 1971, the Amesbuiy Assessor’s Office has, for tax purposes, assessed the Lots as “non-buildable,” and the predecessor owner treated them as such. Prior to the adoption of the Zoning By-Law and until his death in 1998, Gordon C. Williams (“Williams”) owned both Lot 48 and Lot 48A in common.[4] Then, in 2004, William’s estate conveyed both of the Lots to G. Clark Williams, Jr. (“Clark”) and Andrew W. Williams (“Andrew”), by a single deed recorded in the Essex South District Registry of Deeds, Book 22579, Page 343. Thereafter, on November 24, 2006, Clark and Andrew conveyed both of the Lots to Coyle as trustee of the Realty Trust, by a single deed recorded in the Essex South District Registiy of Deeds, Book 26346, Page 404.
II. Procedural Histoiy
In 2009, Purcell requested that the Building Inspector notify him if he decided to issue a building permit in connection with any construction to be completed on the Lots. On June 16, 2010, Purcell’s attorney, Marshall Handly (“Attorney Handly”), wrote to the Building Inspector indicating Purcell was aware that Coyle had applied for a building permit and setting forth Purcell’s opposition thereto. On June 17, 2010, the Building Inspector issued a building permit (the “Building Permit”) to Mark DePiero (“DePiero”), on behalf of Coyle, for the construction of a foundation for a single-family home on the Lots. Shortly thereafter, on June 20, 2010, Purcell contacted the Building Inspector by email, informing him that he had learned that the Building Permit had been issued and also indicating that he would be filing a formal objection. On July 13, 2010, Attorney Handly, on behalf of Purcell, sent the Building Inspector a Request for Zoning Enforcement (the “Request for Enforcement”), arguing that the Lots were not entitled to grandfather status and thus, the issuance of the Building Permit constituted a violation of the Zoning By-Law. On July 22, 2010, the Building Inspector denied Purcell’s Request for Enforcement, indicating the Lots qualified for grandfathering under G.L.c. 40A, §6.
On August 17, 2010, Purcell appealed the Building Inspector’s decision denying his Request for Enforcement to the Board. Before the Board, Purcell argued that since Lot 48 and Lot 48A did not exist as one single separate lot prior to the adoption of the By-Laws, but were actually two lots held in common ownership, the Lots were ineligible for grandfathering. On September 23, 2010, the Board held a hearing on Purcell’s appeal. Following the hearing, on October 7, 2010, the Board filed its decision with the Town Clerk, which affirmed the Building Inspector’s determination. In reply, on October 20, 2010, Purcell filed the current Complaint.
Sometime after Purcell commenced this suit, on November 21, 2011, the Building Inspector sent DePiero a letter (the “November Letter”) stating that, “the (B)uilding [P]ermit obtained... on [June 17,2010] for a single-family foundation has expired.” Less than a month later, on December 7, 2011, the Building Inspector sent DePiero a second letter (the “December Letter”) telling him to disregard the first letter, explaining that the Building Permit had, in fact, not expired. Around this same time, on December 9, 2011, the parties filed the pending motions.[5] At this time, apparently relying on the November Letter, Purcell asserted that his claims arising under G.L.c. 40A, §§8 and 17 should be dismissed as moot since the Building Permit was no longer valid. He, however, maintained his request for declaratoiy relief.
DISCUSSION
In support of summaiy judgment, Coyle asserts three arguments: (1) the court lacks jurisdiction, pursuant to Connors v. Anntno, 460 Mass. 790 (2011), to hear Purcell’s appeal; (2) Purcell lacks standing as a person aggrieved because he cannot show particularized harm; and (3) the Building Inspector as well as the Board correctly determined that the Lots were entitled to grandfathering under G.L.c. 40A, §6. In answer, Purcell claims he is aggrieved by Coyle’s failure to comply with the applicable density and dimensional requirements for construction in the R20 Zoning District and also that the Lots do not meet the requirements for grandfathering under G.L.c. 40A, §6. In addition, while Purcell did not *481 specifically respond to Coyle’s jurisdictional argument in his Memorandum in Support of Motions to Dismiss and for Summary Judgment, at the hearing on this matter, Purcell appeared to contend that the Connors decision does not apply to his request for declaratory relief and further that, because the grandfathering issue is likely to arise again in other litigation currently, or soon to be, pending before the court, the court should reach the merits of his request.[6]
I. Standard of Review
Summary judgment is appropriate when the record reveals “there are no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law.” Mass.R.Civ.P. 56(c); Siebe, Inc. v. Louis M. Gerson Co., 74 Mass.App.Ct. 544, 548 (2009). The moving party bears the initial burden of demonstrating the absence of a triable issue and that the summary judgment record entitles him to judgment as a matter of law. Ng Bros. Constr., Inc. v. Cranney, 436 Mass. 638, 644 (2002), citing Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). The moving party may satisfy its burden by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the nonmoving party has no reasonable expectation of proving an essential element of his case at trial. Flesner v. Technical Commc’ns Corp., 410 Mass. 805, 809 (1991). The nonmoving party cannot defeat the motion for summary judgment by resting on its pleadings; rather, it must respond by alleging specific facts demonstrating the existence of a genuine fact. Cornelias v. Viveiros, 410 Mass. 314, 317 (1991). Tire court views the evidence in the light most favorable to the nonmoving party, but does not weigh evidence, assess credibility, or find facts. Attorney Gen., 386 Mass. at 370-71.
II. Jurisdiction
It is a well-established principle of our jurisprudence that a court lacks jurisdiction over an appeal, which has not been filed in a timely fashion. Bingham v. City Council of Fitchburg, 52 Mass.App.Ct. 566, 568-69 (2001); see also O’Blenes v. Zoning Bd. of Appeals, 397 Mass. 555, 557-58 (1986), Lincoln v. Board of Appeals of Framingham, 346 Mass. 418, 420 (1963), Costello v. Board of Appeals, 3 Mass.App.Ct. 441, 442-43 (1975). Keeping this principle in mind, the question currently before the court is whether Purcell’s appeal was filed with the Board in a timely manner. After examining the Supreme Judicial Court’s recent holding in Connors, the court concludes that it was not.
The facts described in Connors are remarkably similar to those in the present case. In- that case, on July 28, 2008, the defendant filed applications for two building permits and, on July 30, 2008, the plaintiff found out about the permit applications. Connors, 460 Mass. at 792. In response, on August 20, 2008, the plaintiff sent a letter to the building commissioner, laying out his opposition to the building permits and requesting that the building commissioner deny the defendant’s permit requests. Id. On September 15, 2008, however, the building commissioner issued the defendant the requested permits. Id. The building commissioner did not give the plaintiff notice that the permits had issued, but he learned of their issuance on September 25, 2008. Id. Rather than appealing the issuance of the building permits to the applicable zoning board, however, on September 26, 2008, the plaintiff sent the building commissioner a letter requesting a response to his August letter. Id. On September 29, 2008, the building commissioner sent the plaintiff a reply, which he received on October 1, 2008, stating that the building permits for the defendant’s project were properly issued. Id. Then, on October 20, 2008, thirty-five days after the building permits had issued, the plaintiff filed a petition of appeal with the zoning board under G.L.c. 40A, §8. Id.
After two hearings, on January 27, 2009, the zoning board dismissed the plaintiffs petition, stating that it lacked jurisdiction to hear the appeal because he failed to file it within thirty days as required by G.L.c. 40A, §§8 & 15. Id. at 792-93. On February 24, 2009, the plaintiff appealed the board’s decision to the Land Court, requesting that the zoning board’s decision be annulled and that the defendant’s building permits be revoked. Id. at 793. In response, the defendant filed a motion to dismiss, arguing that the plaintiffs appeal had not been timely filed and thus, the Land Court lacked subject matter jurisdiction. Id. The Land Court agreed ordering dismissal of the plaintiffs complaint on July 15, 2010. Id. The plaintiff then filed a timely appeal with the Appeals Court and the Supreme Judicial Court granted his request for direct appellate review. Id.
When this matter was before the Supreme Judicial Court, the plaintiff argued that the statutory scheme set out in G.L.c. 40A, §§7, 8, and 15 allowed him two methods by which he could appeal the building permits: first, “under §§8 and 15,... [he] could have filed a petition of appeal with the board from the decision to issue the building permits within thirty days of the permits’ issuance”; or, second, “under §§7, 8, and 15, . . . [he] [was] entitled to submit — at any time within six years — a written request to the building commissioner to ‘enforce’ the zoning ordinance by refusing to issue the building permits... [the defendant] was seeking, and to appeal within thiriy days of a written response from the building commissioner denying . .. [his] request.” Id. at 794-95. In accordance with this reasoning, the plaintiff argued he had until October 29, 2008 (thirty days from the building commissioner’s letter denying his enforcement request), to file his petition of appeal with the applicable zoning board. Id. at 795. The Supreme Judicial Court, however, rejected this argument. Id. at 796.
According to the Supreme Judicial Court, Sections 7, 8, and 15 are “more properly read to signify that the alternative remedy offered in [section] 7 of requesting the enforcement of the zoning ordinance was only available where the aggrieved party does not have adequate notice of the building permit’s issuance in time to challenge it within thirty days.” Id. at 795-96, quoting Gallivan v. *482 Zoning Bd. of Appeals of Wellesley, 71 Mass.App.Ct. 850, 857-58 (2008). And thus, Sections 7, 8, and 15 are to be interpreted “to mean that when a party with adequate notice of the issuance of a building permit claims to be aggrieved by the permit on the ground that it violates the zoning code, the party must file an administrative appeal within thirty days of the permit’s issuance” and “failure to do so deprives the board or other permit granting authority, and later the courts, of jurisdiction to consider the appeal.” Id at 797. In applying these legal standards, the Supreme Judicial Court determined that the plaintiffs appeal was properly dismissed “because the undisputed facts establish(ed) that . . . [he] received actual notice of the issuance of the building permits twenty days before the thirty-day period for bringing an appeal under [sections] 8 and 15 expired, and that twenty days provided adequate time during which to file the required petition of appeal with the board.” Id at 798.
In applying the rather stringent holding in Connors to the current case, it is clear that Purcell’s appeal was not filed in a timely manner. The Building Inspector issued the Building Permit on June 17,2010. Purcell, according to his own email, learned of the existence of the Building Permit on, at the latest, June 20, 2010, which was twenty-eight days before the thirty-day period for filing an appeal was scheduled to expire. And, in accordance with Connors, was more than sufficient time for Purcell to file his appeal with the Board. However, rather than immediately appealing to the Board, Purcell chose to send the Building Inspector the Request for Enforcement and then, before moving forward, he awaited the Building Inspector’s response, which did not issue until July 22, 2010. Proceeding in this manner resulted in Purcell not filing his appeal with the Board until August 17, 2010, which was sixty days after the Building Permit issued and thirty days after the appeal period had expired. Clearly, Purcell’s appeal to the Board was untimely and thus, the court lacks subject matter jurisdiction to hear it.[7]
By no means does the court render this decision lightly, especially where, at a glance, it appears likely that the Lots are not entitled to grandfathering under G.L.c. 40A, §6.[8] Nevertheless, as the trial court, the court is bound by the precedents established by the appellate courts. See Commonwealth v. Dube, 59 Mass.App.Ct. 476, 485-86 (2003) (discussing prece-dential value of Supreme Judicial Court rulings). This principle requires that the court follow the Supreme Judicial Court’s holding in Connors, especially given the factual similarities between that case and the pending case. Therefore, for the reasons identified, Coyle is entitled to summary judgment.[9]
ORDER
For the reasons explained above, it is hereby ORDERED that:
1. Coyle’s Motion for Summary Judgment be ALLOWED; and
2. Purcell’s Motion to Dismiss and for Summary Judgment be DENIED.

In fact, there are no plans or deeds in the chain of title for either of the Lots which describe the Lots by metes and bounds.

In 1984, Williams conveyed property he owned at 4 Clark’s Road to John J. and Suzanne Morin Boland (the “Bolands”), by deed recorded at the Essex South Registry of Deeds, Book 7361, Page 503. Appurtenant to this conveyance, Williams granted the Bolands certain easement rights over Lot 48A.

The court notes that both the November Letter and the December Letter are contained in the summary judgment record before the court.

As an initial matter, the court notes that it declines to address Purcell’s Motion to Dismiss and for Summary Judgment insofar as it seeks dismissal of his claims arising under G.L.c. 40A. The court assumes that Purcell’s request for dismissal was premised upon the November Letter, which indicated that the Building Permit had expired. And, although Purcell made no formal withdrawal request, given the December Letter, which explained that the Building Permit had not expired, the court presumes that his request for dismissal is withdrawn. Regardless, because the Building Permit has not expired, Purcell’s appeal pursuant to G.L.c. 40A is not moot.

Here, the court notes that, unfortunately for Purcell, his claim for declaratory relief does not save his appeal. General Laws c. 231 A, §1 cannot be used to circumvent the exclusive review requirements set forth in G.L.c. 40A. And, a “[pjlaintiff certainly cannot use the declaratory judgment act to revitalize zoning appeals that are time-barred.” McClure v. Epsilon Group, LLC, 2011 WL 13209144 *18 (Mass.Land.Ct. July 28, 2011) (Piper, J.).

“The statutory ‘grandfather’ provision contained in G.L.c. 40A, §6, . . . provides] protection from increases in lot area and frontage requirements only to nonconforming lots that are not held in common ownership with any adjoining land.” Carabetta v. Board of Appeals of Truro, 73 Mass.App.Ct. 266, 269 (2008). To fall within the protection provided by G.L.c. 40A, §6 certain conditions must be met. Adamowicz v. Ipswich, 395 Mass. 757, 758 (1985). More specifically, these conditions require “that, ‘at the time of recording or endorsement,’ the lot (1) had at least 5,000 square feet with fifty feet of frontage, (2) ‘was not held in common ownership with any adjoining land,’ and (3) ‘conformed to then existing requirements.’ ” Rourke v. Rothman, 448 Mass. 190, 192 (2007), quoting G.L.c. 40A, §6. Here, according to information provided by the Amesbuiy Assessor’s Office, Lot 48 has 3,840 square feet and Lot 48A has 680 square feet. Thus, even in combination, the Lots have less than the required 5,000 square feet. Additionally, since before Amesbuiy adopted the Zoning By-Law in 1971, the Lots have been held in common ownership.

Because the court concludes that Coyle is entitled to summary judgment based upon his jurisdictional argument, the court need not address his other arguments in any detail.