BARRY vs. CONSOLATI, MISC 21-000303

































 
 WILLIAM BARRY and MARLEE BARRY as principals in ERINTARAFIRM, LLC & MAGGIE BARRY GAVIN and CODY GAVIN as principals in WATERSIDE REALTY, LLC, Plaintiffs v. DAVID CONSOLATI, PATRICIA CARLINO, SEAN REGNIER as they are members of the TOWN of LEE SELECTBOARD, JEAN ALBANO CARMICHAEL, CASSANDRA PURDY and JASON SONG as principals in FOREST WILDE, LLC, Defendants
 MISC 21-000303 
 AUGUST 27, 2021
BERKSHIRE, ss.
SMITH, J.
DECISION ON DEFENDANTS' JOINT MOTION TO DISMISS














 This is an abutter appeal by the Plaintiffs, William Barry and Marlee Barry as principals of ErinTaraFirm LLC, and Maggie Barry Gavin and Cody Gavin as principals of Waterside Realty, LLC, in which they seek judicial review of the decision by the Town of Lee Select Board (the "Board") to grant a special permit to Defendant, Forest Wilde, LLC ("Forest Wilde"), to build and operate a marijuana retail and manufacturing business at its property at 635 Laurel Street in Lee. The Defendants have jointly moved to dismiss the complaint on the grounds that the plaintiffs failed to file this appeal within the timeframe mandated by G.L. c.40A, §17 and, therefore, this court lacks subject matter jurisdiction to hear the matter. 





 For the reasons set forth in this decision, the Motion to Dismiss is ALLOWED.





Standard of Review 





 Whether this court has subject matter jurisdiction to hear this case depends on whether the plaintiffs complied with the filing and notice requirements of G.L. c.40A §17. When considering a motion to dismiss for lack of subject matter jurisdiction, which is typically reviewed under Mass.R.Civ.P. 12(b)(1), the court accepts as true the factual allegations of the complaint, as well as any favorable inferences which may be reasonably drawn therefrom. Ginther v Comm'r of Insurance, 427 Mass. 319 , 322 (1998). The court may also consider documents and other materials outside the pleadings when determining whether it has jurisdiction. Audoire v. Clients' Security Bd., 450 Mass. 388 , 390, n.4 (2008). 





 The allegations of the complaint and the records of the Land Court that are relevant to my decision are as follows: 





 1. On January 22, 2021, Forest Wilde filed an application with the Board for a special permit to build and operate a marijuana retailer and product manufacturer business under the zoning bylaw of the Town of Lee. 





 2. On May 6, 2021, the Board voted to grant the special permit to Forest Wilde. 





 3. On May 12, 2021, the Board's written decision granting the special permit was filed with the office of the town clerk of Lee. 





 4. On May 28, 2021, the plaintiffs submitted their complaint for judicial review of the Board's decision to the Berkshire Middle District Registry of Deeds (the "Berkshire Registry") and requested that it forward the complaint to this court. The plaintiffs did not tender an entry fee at the time that they submitted their complaint to the Berkshire Registry. 





 5. Also on May 28, 2021, the plaintiffs delivered a copy of the same materials they had submitted to the Berkshire Registry to the office of the town clerk of Lee. 





 6. On June 1, 2021, the plaintiffs' complaint was received by the Recorder's Office of the Land Court by mail from the Berkshire Registry. The envelope that contained the plaintiffs' complaint did not include a check for the entry fee. 





 7. The Recorder's Office did not docket the complaint on June 1, 2021 because the plaintiffs had not submitted a check or other form of payment for the entry fee necessary to commence an action in this court. 





 8. On June 4, 2021, the plaintiffs paid the entry fee, and the complaint was immediately docketed. 





 9. Under G.L. c.40A, §17, the deadline for the plaintiffs to timely commence their appeal was twenty days from the date on which the Board's decision was filed with the town clerk which was June 1, 2021. 





Discussion 





 The defendants argue that this court lacks subject matter jurisdiction over this case because the plaintiffs' complaint was not docketed until June 4, 2021  3 days after the twenty day deadline mandated by G.L. c.40A, §17. The plaintiffs counter that they sufficiently complied with the statute because their complaint was received in the Land Court on June 1, 2021. 





 G.L. c.40A, §17 states, in relevant part, 





 Any person aggrieved by a decision of the board of appeals or any special permit granting authority . . . may appeal to the land court department, the superior court department in which the land concerned is situated, . . . by bringing an action within twenty days after the decision has been filed in the office of the city or town clerk. . . . Notice of the action with a copy of the complaint shall be given to such city or town clerk so as to be received within such twenty days. 





 The timely commencement of an appeal and notice to the town clerk under G.L. c.40A, §17 are jurisdictional requirements that Massachusetts courts have "policed in the strongest way." Pierce v. Bd. of Appeals of Carver, 369 Mass. 804 , 808 (1976); see also O'Blenes v. Zoning Bd. of Lynn, 397 Mass. 555 , 558 (1986) ; Cappuccio v. Zoning Bd. of Spencer, 398 Mass. 304 , 309-312 (1986); Halko v. Bd. of Appeals of Billerica, 349 Mass. 465 , 467 (1965); Town of Uxbridge v. Griff, 68 Mass. App. Ct. 174 , 176, n. 3 (2007); Bingham v. City Council of Fitchburg, 52 Mass. App. Ct. 566 , 569 (2001); Konover Mgmt. Corp. v. Planning Bd. of Auburn, 32 Mass. App. Ct. 319 , 322-323 (1992); County of Norfolk v. Zoning Bd. of Appeals of Walpole, 16 Mass. App. Ct. 930 (1983). Failure to meet the twenty-day deadline is fatal to the action. Costello v. Bd. of Appeals of Lexington, 3 Mass. App. Ct. 441 , 442-443 (1975). The purpose for rigidly adhering to the filing and notice requirements is to inform interested third parties that the zoning status of the land which is the subject of the appeal is still in question and to allow those parties an opportunity to review the details of the challenge. Bingham, 52 Mass.App.Ct. at 569; Konover 32 Mass.App.Ct. at 325. 





 In this case, it is not disputed that June 1, 2021 was the twentieth day after the Board's decision was filed with the town clerk for Lee. The dispositive question, then, is whether an action is commenced for purposes of complying with G.L. c.40A, §17 when the complaint is physically received by the court or when it is docketed after an appealing party also submits the required entry fee. 





 Rule 3 of the Massachusetts Rules of Civil Procedure provides that an action is commenced by "(1) mailing to the clerk of the proper court by certified or registered mail a complaint and an entry fee prescribed by law, or (2) filing such complaint and an entry fee with such clerk." Therefore, by the plain language of Rule 3, payment of the entry fee is a necessary element for commencing an action. 





 There are no Massachusetts appellate cases that address the import of the entry fee under Rule 3. However, one commentator explained the importance of the fee in triggering the commencement of an action as follows: 





 If a complaint is filed without a required fee, the action does not commence until the fee is paid. Thus, if a complaint submitted to a court clerk is accompanied by a bad check for the filing fees, it has not been filed with the court for the purposes of the statute of limitations. However, if the clerk upon being tendered an incorrect fee, assures the party's counsel the pleading will be timely filed, the plaintiff is entitled to relief from the statute of limitations, which would otherwise have barred the action. Also, a complaint may be constructively filed for statute of limitations purposes on the date it was first delivered to the court clerk, even though the filing fee was inadequate, where the plaintiff paid the additional amount due, when the clerk gave notice to do so. 





51 Am.Jur.2d Limitations of Actions, §232. This commentary is consistent with the plain language of Mass.R.Civ.P. 3 and Chapter 40A, §17 which, read together, require that the complaint and the entry fee be submitted to the clerk's office in order to commence the action. That did not happen in this case until after June 1, 2021. 





 The plaintiffs' paid the entry fee on June 4, 2021 after which the court docketed their complaint. The plaintiffs argue that the court should overlook their failure to pay the entry fee until June 4, 2021 because the complaint, itself, was received by the Land Court on June 1st, and "[d]ue to no negligence on the part of the Plaintiffs, payment could not be made until after June 1st." Plaintiffs' Opposition, p. 3, ¶6. [Note 1] In support of their argument of "no negligence" on their part, the plaintiffs claim they were prevented from paying the required entry fee on time because "[t]he amount of the required fee or the ability to pay it was unknown to the [Berkshire Registry's] representative at that time and we were told that a payment request would be forthcoming by the Land Court." Plaintiffs' Opposition, p. 2, ¶4. In essence, the plaintiffs blame employees of the Berkshire Registry and the Land Court for their failure to pay the entry fee by June 1st. Plaintiffs' Opposition, p. 2, ¶¶3-5. This argument is unpersuasive and misunderstands the role of staff at the registry and the court. 





 First, the plaintiffs submitted their complaint to the Berkshire Registry, not the Land Court as mandated by Chapter 40A, §17. Chapter 40A does not permit a party to commence an action for judicial review of a zoning decision in the Berkshire Registry as an alternative to the Land Court. Second, the plaintiffs relied on an employee of the Berkshire Registry to transmit their complaint to the Land Court Recorder's Office on time, rather than to file the action themselves. To the registry employee's credit, the complaint was received by the Land Court on June 1st which was the next business day of the court. However, it was not the responsibility of the Berkshire Registry staff to make sure that the plaintiffs' complaint was timely filed in the Land Court particularly when the plaintiffs had the complaint prepared as of May 28th and could have taken the necessary steps themselves to file it in the Land Court by June 1st, with payment of the entry fee. Third, the plaintiffs claim that they were prevented from paying the entry fee because they were not told of the amount of the fee by the Berkshire Registry or the Land Court in a timely manner. However, in the absence of immediate information about the amount of the entry fee from registry or court personnel on May 28th or June 1st, the plaintiffs could have determined the amount of the fee by reviewing the official Land Court website at www.mass.gov/info-details/land-court-filing-fees and submitted the fee with their complaint. [Note 2] 





 I make these points because the plaintiffs oppose the motion to dismiss by arguing that, in effect, they did their best to file the complaint on time and the fact that they did not pay the required fee by June 1st was due to circumstances beyond their control or, worse, was the fault of the Berkshire Registry or this court. Chapter 40A §17 requires more than a party's best efforts to comply with its requirements; it mandates strict compliance. 





 Strict compliance with Chapter 40A §17 is not a heavy burden to place on a party who seeks to challenge a zoning decision where that challenge will undoubtedly have a negative impact, financial and otherwise, on the party to whom the permit was issued and, to a lesser extent, on members of the local board whose decision is under review and third parties who are interested in the zoning status of the property in question. Therefore, it is not reasonable for a party who chooses to take the serious step of requesting judicial review of a zoning decision to delegate the mandatory requirements for commencing the action to registry or court staff and, when those steps are not completed, ask the court to excuse the noncompliance. It was the plaintiffs' responsibility to commence their action on time. The plaintiffs' have not shown good cause for this court to excuse their failure to pay the entry fee by June 1st. 





 Payment of the entry fee is a critical requirement of Mass.R.Civ.P. 3 to the commencement of any action. As Massachusetts appellate courts have stressed, a party's compliance with the filing and notice requirements of Chapter 40A, §17 should be "policed in the strongest way." In this case, the failure of the plaintiffs to file the entry fee delayed the commencement of their action until June 4, 2021  three days too late. As such, this court does not have subject matter jurisdiction over this appeal. 





Conclusion 





 For the reasons set forth in this decision, the defendants' joint motion to dismiss is ALLOWED and judgment shall issue in favor of Defendant, Forest Wilde, LLC and its principals Jean Albano Carmichael, Cassandra Purdy and Jason Song, and in favor of the Defendants, David Consolati, Patricia Carlino, and Sean Regnier, as Members of the Town of Lee Select Board. The plaintiffs' Complaint shall be dismissed with prejudice. 





So Ordered. 





FOOTNOTES
[Note 1] The plaintiffs' representations about what they were told by registry or court personnel were not provided by sworn affidavit, constitute hearsay and, otherwise, do not carry the weight of evidence provided under oath. Regardless, I have taken their alleged statements into account in ruling on the defendants' motion. 

[Note 2] The Land Court website has a page devoted to the filing fees for each type of Land Court action and unambiguously informs the public that the filing fee for a miscellaneous action is $255.00. 


 
 Home/Search 
 Land Cases by Docket Number
 Land Cases by Date 
 Land Cases by Name
 


 Commonwealth of Massachusetts. Trial Court Law Libraries. Questions about legal information? Contact Reference Librarians.